*FLOOD* vs. *THOMAS.*

A witness is not to be entirelybeliev'd if it be shewn that the facts related took place on a different day than that he stated.

A debt due by another, is a sufficient consideration to support the promise of a third party to pay it.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant is sued on his promise to pay $678 71, due the plaintiff by Lee. He pleaded the general issue, and the want of consideration in the alleged promise; judgment was given for him; and the plaintiff appealed.

The record shews that Sprigg deposed, that to his knowledge, the account annexed to the petition is justly due—that Lee acknowledged it, and requested the defendant to pay it; and he promised so to do, according to the memorandum then written by the witness on the back of the account.

This memorandum states, the defendant on the 30th of May, 1825, promised to pay the account, viz. $150, before he left the city for Alvarado, and the balance on his return.

Lee admitted the debt, due by him, to be about $500, or upwards; but deposed he neither recollected nor believed the account was presented him by Sprigg; that the defendant paid $150 of it early in March, 1825.

It was admitted the defendant left New

Orleans for Alvarado, on the 1st of April, 1825, and did not return till February, 1826.

The defendant's promise is proven by Sprigg, and not denied by Lee. It is true, it is admitted that on the day on which the promise is stated to have been made, the defendant was not in the state. But the *alibi* proves only that there is an error in the time stated, which may well happen. Lee proves the payment made by the defendant before he set off for Alvarado, according to the promise stated by Sprigg; this payment in its amount, and the time of its being made, corresponds with Sprigg's statement. It is admitted it took place early in May, 1825, and the defendant went away on April 1, 1825; this was a payment before the defendant went to Alvarado.

Sprigg is a witness absolutely uninterested. A recovery on the present suit will render Lee liable to the action of the defendant. Lee informs us he has failed.

An error in a date does not necessarily deprive the deposition of a witness of credit. It does not avoid a notarial act. 8 *Toullier*, 140, *No.* 83.

Lee deposes he neither recollects nor believes the account was presented by Sprigg to him.

FLOOD
*vs.*
THOMAS.

Let us give credit to this assertion, and it does not contradict the direct assertion of Sprigg. Lee may well have forgotten this circumstance, and having forgotten it, honestly swore he does not believe it exists.

Notwithstanding our reluctance to disregard the conclusion of inferior judges on matter of fact, we think, in the present case, the error is too evident not to be corrected.

The question of law raised on the want of consideration in the promise, must be determined in favour of the defendant. The debt of another is a sufficient consideration to support a contract of surety, or a promise to pay it. *Noviss. Recop.* 10.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and that there be judgment for the plaintiff for the sum of $528 71, five hundred and twenty-eight dollars and seventy-one cents, with costs in both courts.

*Hennen* for the plaintiff, *Grymes* for the defendants.