JANVIER, Judge.
Though plaintiff is not certain as to the exact day nor the exact time of day at which the accident on which this suit is based occurred, it seems probable that it took place at or possibly a few minutes before six' O’clock on the morning of September 20, 1950.
■ In the summer of 1950, Boh Bros. Construction Co., Inc., a partnership composed of Arthur P. and-Henry Boh, was engaged in the resurfacing and widening of a portion of 'Loyola Avenue in New Orleans. This work extended from-Jackson Avenue to Calliope Street.
The: plaintiff, a man 39 years of age, while attempting to cross Loyola Street at Melpomene Street, fell and sustained the rather serious injury on which this suit is based. He brought suit for damages against the said partnership and its individual members, praying for judgment against them in the sum of $5,720, and alleging that the accident had resulted from negligence on the part of defendants in tearing up a portion of the street and ,in *900 leaving that part of the street broken and uneven without' the erection of any barriers or the placing of “lanterns to warn pedestrians of this condition.”
Defendants denied any negligence on their part or on the part of any of their employees, and, in the alternative, averred that “the situation was open and obvious and that the proximate cause of. the accident,' or in the alternative, the contributing cause of the accident, was the negligence of plaintiff in failing.to-keep a proper lookout and in failing to avoid the obvious, and that such negligence-bars-his recovery.”
There was judgment dismissing his suit and plaintiff has appealed.
As already stated, plaintiff does not know just when the accident took place. ■ In his original petition he averred that the date was August 20, 1950, and the time of day “approximately 5 a. m.” In his amended petition he avers that the date’was September 20, 1950. The attorney who first represented him testified that from the information given him by plaintiff the accident had occurred “at 6:45 a, m'.”' ’ , ■
There .is .evidence which justifies the conclusion that there was sufficient daylight for anyone to see the condition of the street at the time at which the , accident-occurred.
It seems that at that’ point the street had been paved with-bricks and that these were being removed. As plaintiff stepped from the curb on to the street, he stepped upon a surface of br.icks and after taking a step or two he reached the line to which the bricks had been removed, so that when he made his next step he stepped from the level of the bricks to a level which was about three inches lower and it is this which he claims caused him to fall.
Plaintiff resided about one and a half blocks from the corner at which the accident took place and, though he tried very hard to evade admitting it, it is clearly shown that he had passed that corner frequently, and when he was asked whether he knew that the street had been under repairs for several weeks, he said: “I ain't going to answer that.”
Other witnesses placed on the stand by plaintiff admitted that they were well aware that the construction work had been going on for sometime.
Tn addition to the fact that’plaintiff obviously knew of the general récoñstruction which was going on on Loyola Avenue, the record leaves no doubt that there Were barriers and fl’ares which'were placed intermittently along the entire area -in which the- work was going ón, 'and that these should have- served as a warning ■ even if plaintiff had riot been well aware ‘of the condition 6-f the street. -!
The defendants had no-knowledge of the occurrence of the accident until sometime after it had taken place and it is-therefore impossible for them to produce evidence sho\ying that, at that exact time, there had been barriers and flares at that exact point at that crossing. However,, their employees who were in charge of that particular phase of the work at that time, though they could not say that such warnings had been placed at that- spot, did say- that at that time there were barriers and flares intermittently along the sides of the entire area, and one employee said that it was his duty each evening, at the close of work, to make certain that those 'barriers and flares ,:“wére-'placed in a position so as to safeguard the public against .any accident that might- happen.”
Counsel for the plaintiff argues that since the accident did.occur .it must be assumed that the street was dangerous and that plaintiff did not know of its condition. We think that these assumptions do not necessarily follow. The surface was not dangerous to a reasonably " prudent pedestrian and particularly to one who was aware of the condition. A step off froiri a level surface to another level surface only, three inches lower is not especially dangerous to an able-bodied man, and our conclusion is that the plaintiff’s fall was caused by his own carelessness and inattention and not by the fact that the conditions which confronted him were dangerous. This was the conclusion of the District Judge and we *901 fully concur in the reasons for ’judgment which he gave, particularly in’his conclusion that, since the plaintiff refused to state whether he knew of the conditions, it must be assumed that he did know that the work was going on.
The judgment appealed from is affirmed at the "cost'of appellant.' 1
Affirmed.