REGAN, Judge.
The plaintiffs, Mr. and Mrs. Matthew J. Fiegler, instituted this suit against the defendant, Liberty Mutual Insurance Company, the liability insurer of Keller Construction Company, endeavoring to recover $999 for personal injuries and medical expenses incurred by Mrs. Fiegler on December 6, 1954, at 8:45 a. m., as the result of a fall which is alleged to have been caused by a defect in a temporary wooden sidewalk, which had been erected on the riverside of Bourbon Street between Canal and Iberville Streets, in the City of New Orleans, by the Keller Construction Company to facilitate it in the construction of a Woolworth Store.
Defendant answered and denied that Mrs. Fiegler had sustained any injuries as a result of the accident or that the negligence of its insured was the cause thereof and, in the alternative, pleaded the contributory negligence of Mrs. Fiegler.
From a judgment in favor of plaintiffs in the amount of $325, the defendant has prosecuted this appeal.
The Keller Construction Company erected a wooden sidewalk on the riverside of Bourbon Street between Canal and Iber-ville Streets to facilitate it in the construction of a Woolworth Store at that location. The passageway was built in conformity with the appropriate city ordinance and subsequently was inspected by the owner’s architect and approved by an employee of the City Engineers Office. The floor of the passageway consisted of new smooth two by twelve inch decking, pieced together longitudinally in lengths of eight to fourteen feet; each end of the passageway was se’rviced by “ramps” six feet in length rising from zero inches to seven and five-eighth inches. A canopy covered all of the passageway with the exception of the ramps.
Mrs. Fiegler, the principal plaintiff herein, related that on December 6, 1954, at 8:45 a. m., she ascended the ramp nearest to Canal Street and proceeded to walk upon the passageway toward Iberville Street and when she was upon the descending ramp thereof, she fell causing the injuries *879 which resulted in this litigation. On the trial hereof in the lower court she asserted that she saw no defects as she traversed the passageway, but after she had fallen she inspected the floor thereof and ascertained that one board was elevated approximately one-quarter of an inch above the adj oining board. She observed nothing else which could have caused her to fall and, therefore, concluded that the heel of her shoe struck this rise.
The only question which is posed for our consideration by virtue of the foregoing revelation is one of fact and that is whether the defect complained of constitutes actionable negligence?
The record reflects that the passageway was properly erected in conformity with the appropriate city ordinance and other recognized standards of safe construction so as to afford pedestrians the greatest measure of protection.
A careful analysis of the evidence, considered from the plaintiffs’ most favorable aspect, reveals that possibly the fall was caused by an elevation of one-quarter of an inch in the descending ramp of the passageway. Predicated upon this fact our jurisprudence is embellished with innumerable cases decided by both the Supreme and the Appellate Courts of this State to the effect that such a defect as that herein complained of in this passageway affords no actionable negligence.
Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few rules; there are principally standards and degrees for the reason that no one is so gifted with foresight that he or she could anticipate all possible human events and prescribe the proper rule for each.
In the relatively recent case of White v. City of Alexandria, 1949, 216 La. 308, 43 So.2d 618, 620, the Supreme Court, after citing innumerable decisions forming the pattern for the existing jurisprudence of this. State encompassing sidewalk accidents, set forth composite legal principles emanating therefrom, a brief restatement of which is appropriate herein in determining the liability of the defendant:
“For determining what is a dangerous defect in a sidewalk * * * there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence.”
The evidence reflected that the passageway in the present case had existed in the heart of the business district of New Orleans for a period in excess of eight months and had been used constantly by hundreds of people without mishap. Relative to similar evidence the organ of the Supreme Court in the case of White v. City of Alexandria, supra, remarked:
“ * * * It is also indicated by the proved circumstances that during the defect’s existence of several years no person, other than this plaintiff, was injured thereby or complained of it to the city, notwithstanding that it was located in a semi-business district and the sidewalk was used frequently.
“Therefore, it must be concluded that the elevated slab which plaintiff encountered while hurrying along to church was not dangerous or calculated to cause injury, and that the sidewalk at that point was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. * ‡ % V
We are, therefore, of the opinion that the defect did not constitute actionable negligence.
For the reasons assigned the judgment appealed from is annulled, avoided and re *880 versed and it is now ordered that there be judgment herein in favor of the defendant dismissing plaintiffs’ suit at their cost.
Reversed.