REGAN, Judge.
The plaintiff, Ward Baking Company, Inc., the owner of a 1947 GMC truck, operated by its employee, Donald C. Stortz, instituted this’ suit against defendant, The City of New Orleans, endeavoring to recover the sum of $1,800, representing property damage incurred by it as a result of an accident on March 26,1953, at about 11 :- 00 a. m. when the front wheels of its truck struck a “deep hole” in the inbound roadway of Canal Boulevard, breaking the steering mechanism and causing Stortz to lose control thereof resulting in the vehicle striking a tree then turning over which completely demolished it.
Defendant answered and denied that it was guilty of any negligence in the premises ; asserting that if a defect existed it did not render the roadway unsafe for persons using it with proper care and, in the final analysis, that it had neither actual nor constructive notice thereof; in the alternative, defendant pleaded the contributory negligence of the operator of plaintiff’s vehicle.
From a judgment in favor of the plaintiff in the sum of $1,135, the defendant has prosecuted this appeal. Plaintiff has answered the appeal requesting that the amount of the judgment be increased to $1,-800.
Canal Boulevard is a wide thoroughfare having a thirty foot inbound and outbound roadway separated by a neutral ground and extends from City Park Avenue to the lakefront. The accident occurred near the center lane of the inbound roadway in front of the property designated by the municipal No. 5936 Canal Boulevard.
The record reflects that Stortz, a driver-salesman for the plaintiff, had been assigned a new route four days prior to the accident, part of which encompassed that section of the City wherein Canal Boulevard is located. In order to acquaint him with this route another driver-salesman, likewise employed by the plaintiff and familiar therewith, drove him [1] to each of the establishments where Stortz would be required to deliver bread.
*722 On March 26, 1953, plaintiff individually-assumed the responsibility of this new route for the first time and, as he was driving the vehicle approximately twenty-five miles per hour, in the left lane of the inbound roadway, or towards City Park Avenue, he heard the horn of an overtaking automobile blow, which caused him to move into the center lane thereof in order to afford a passageway for that vehicle; almost simultaneously the wheels of his vehicle struck a “deep hole” in the street breaking the steering mechanism, in consequence of which Stortz lost control thereof and the vehicle struck a tree, turned over and was completely demolished.
Plaintiff contends that the defendant was negligent in permitting this dangerous hazard to exist in the roadway of Canal Boulevard and that the accident which resulted therefrom could or should have been foreseen by the defendant
Defendant, on the other hand, admitted through counsel in oral argument before this court that it had actual knowledge of the condition of the roadway running parallel to the 5900 block of Canal Boulevard; that is, it explains the half of the roadway nearest the neutral ground was in excellent condition, but that the other half thereof was rough and conceded to be in need of repair, however, the defendant insists that this portion of the street did not constitute such a hazard which would compel the City to respond in damages to the plaintiff for the property loss incurred by its vehicle.
Since the defendant has admitted and the record substantiates this concession that it had actual notice of the need for repair of half of this roadway, the •only questions posed for our consideration .are ones of fact and they are whether the •defect in that portion of the roadway constituted actionable negligence on the part ■of the defendant and, if so, whether the •driver of plaintiff’s vehicle was guilty of .contributory negligence.
It is difficult from an analysis of the testimony to create an exact mental picture of the hole or depression which existed in the roadway on the day of the accident, since each witness who testified thereto not only experienced considerable trouble in describing the hole, but, to some extent, employed the use of their hands in connection therewith, however, a careful evaluation of the evidence adduced herein, considered from the defendant’s most favorable aspect, reveals that one half of the im-bound roadway of the 5900 block of Canal Boulevard was badly in need of repair and that a general disintegration of the asphalt together with a hazardous hole did exist in the roadway in front of the residence designated by the municipal No. 5936, which was approximately two feet in width by two feet in length and six inches deep. The record reveals that several other accidents had occurred at this identical location prior to this accident and that the City had received actual notice of the existence of this hazard by virtue of these other accidents. In fact, the occupant of the residence in No. 5936 Canal Boulevard testified that on several occasions the wheels of other automotive vehicles had struck this hole causing the hubcaps thereon to fall off and roll into her yard.
The law imposes upon municipal corporations the obligation of guarding against hazards that can or should be anticipated or foreseen in the exercise of reasonable prudence and care and when an accident occurs by virtue of a hole or defect existing in a much traveled roadway and from which danger was reasonably to be anticipated and which, according to common experience was likely to occur, it is charged with negligence.
In determining what constitutes a dangerous hazard there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually. Judicially we are tending more and more towards an appreciation of *723 the truth that, in the last analysis, there are few rules; there are principally standards and degrees for the reason that no one is so gifted with foresight that he or she could anticipate every possible human event and prescribe the proper rule for each. The test applied [2], however, requires an answer to the question of whether the roadway was maintained in a reasonably safe condition for persons exercising ordinary care. In our opinion the roadway was not maintained in a reasonably safe condition as is evidenced by the other accidents emanating from this hazard.
There is not one iota of evidence contained in this record which would indicate that the operator of plaintiff’s vehicle was guilty of contributory negligence. He was not familiar with the hazards of this roadway and, at the time that he drove the plaintiff’s truck into the defective portion thereof, he was only responding to the accepted rules of the road in moving at a speed of twenty to twenty-five miles per hour from the left to the center lane and thus permitting the passage of a vehicle which had manifested a desire to overtake him. This roadway was obviously not maintained in a reasonably safe condition for the benefit 'of the operator of a motor vehicle who was exercising ordinary care and prudence.
It is our opinion after a careful evaluation of the evidence contained in the record with respect to quantum that the award made by the trial judge of $1,135 predicated on the Red Book, National Used Car Market Reports, was correct.
We fully realize that, as we said in Engolia v. Houston Fire & Casualty Insurance Co., La.App., 65 So.2d 814, 817:
“ * * * price manuals are nothing more than guides to those who deal in automobiles, and could not possibly quote with any exactitude the valuation of a particular automobile, because, as every one knows, some cars may be in better condition, mechanically and otherwise, than others of the same age.”
However, we are not convinced from the evidence that the vehicle in question had any greater or lesser value than the average value of similar vehicles of that kind and age.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Stortz was driven over this route for three days.

. See White v. City of Alexandria, 1949, 216 La. 308, 43 So.2d 618.