127 So.2d 283 (1961)
Abe J. SAPIR
v.
SEWERAGE & WATER BOARD OF the CITY OF NEW ORLEANS et al. (Consolidated with Edgar Sapir v. Sewerage & Water Board of the City of New Orleans, et al., No. 21518).
No. 21517.
Court of Appeal of Louisiana, Fourth Circuit.
February 20, 1961.
Rehearing Denied March 13, 1961.
Benjamin Washastrom, Simon N. Ball, New Orleans, for plaintiffs and appellants.
George Piazza, Alvin J. Liska, Ernest L. Salatich, New Orleans, for defendants and appellees.
*284 Before McBRIDE, REGAN and HALL, JJ.
REGAN, Judge.
Plaintiff, Abe J. Sapir, owner of a 1955 Chevrolet automobile, instituted this suit against the defendants, the Sewerage and Water Board of the City of New Orleans, and the City of New Orleans, in solido, endeavoring to recover the sum of $711.62, representing property damage and a towage charge incurred by plaintiff's automobile on August 26, 1958, at 1:45 a. m., as a result of his son's driving into a huge mound of mud located in Jefferson Avenue in the City of New Orleans, which plaintiff asserted was caused by the sole negligence of the defendants.
Defendants answered, denied negligence and in the alternative, pleaded the contributory negligence of the plaintiff's son.
From a judgment dismissing plaintiff's suit, he has prosecuted this appeal. Defendant City of New Orleans answered the appeal, praying that plaintiff be condemned to pay costs incurred in both courts.
This case was consolidated with a similar suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled Edgar Sapir v. Sewerage and Water Board of the City of New Orleans, et. al., our docket number 21518. In that case the plaintiff was the operator of the automobile that struck the mound of mud and asserted he was entitled to $530 for personal injuries and medical expenses incurred as a result of the aforementioned accident.
The trial judge thoroughly analyzed both the facts and the law applicable to this case in his written reasons for judgment which, in our opinion, encompass the issues so fully, that we adopt them as our own.
"These two cases were consolidated for trial and result from an accident which took place on August 26, 1958, at about 2 o'clock a. m., when an automobile driven by plaintiff (Edgar Sapir) crashed into a barricade and a pile of mud on Jefferson Avenue near Freret Street.
"Plaintiff, Abe J. Sapir, is the father of * * * Edgar Sapir, and is suing to recover the cost of repairing his automobile, which was driven by his son at the time and damaged as the result of the accident. The father was not with the son at the time.
"The son sues for damages in the amount of $530.00 to recover pain and suffering and doctor bills.
"Plaintiffs contend that defendants were guilty of negligence in creating a dangerous trap in the street and not properly guarding and policing it.
"There is no dispute as to the injuries, medical expenses, or the cost of making the repairs.
"The defense by the defendants is that the excavation in the street, performed by the Water Board, was properly barricaded and marked with red lamps to warn pedestrians or automobilists. In the alternative, they plead contributory negligence of plaintiff, Edgar Sapir, in not keeping a look-out and not seeing the obstruction which he could and should have seen.
"Jefferson Avenue is a two-roadway avenue, divided by an elevated neutral ground. The accident occurred on the uptown roadway, about 125 feet from the intersection of Freret Street. The Water Board made an excavation from the neutral ground curbing about 10 feet into the street. The spoils taken from the excavation were deposited alongside the excavation, and represented a mound of dirt, 4-foot square and 4-foot high[1]. From the point the excavation *285 extended 10 feet from the neutral ground curb into the street there was a distance to the sidewalk curbing of 12 feet, ample room for automobilists to pass without obstruction.
"Young Sapir was driving his father's automobile with a companion, both of whom are college students of full age. They had been out all afternoon and evening until two o'clock in the morning, visiting various places of entertainment, and were on their way home when the accident happened.
"Young Sapir testified he came to a full stop at Freret Street in obedience to a red electric semaphore traffic signal; that upon the light turning green, he proceeded to cross Freret Street and was travelling about 25 miles an hour when he suddenly crashed into a mud pile, too late to avoid it. The mud pile was completely dislodged, much (mud was) plastered in front of his automobile and the balance strewn on the street.
"The contention of both plaintiffs * * * is that the defendants were guilty of negligence in that they did not erect and police proper barricades, properly lighted, to warn automobilists of the excavation. However, the testimony is overwhelming from employees of the Water Board and disinterested witnesses, a policeman, and a neighbor living on Jefferson Avenue in front of the excavation, that at 4 p. m. and six o'clock that evening the barricade was there and the red danger lights were burning.
"After the accident, the police went to the scene, as did a representative of the Water Board, and found one of the lights in the excavation burning; the mud pile completely disseminated throughout the street or plastered on the automobile, and three or four other red lights out and broken.
"It is the contention of plaintiffs' counsel that, since there was some evidence the barricade or lights might have been destroyed before the accident, through acts of vandalism or otherwise, the defendants are liable because it was their duty to keep it guarded at all times, even to have a sentinel constantly on duty.
"We know of no law or jurisprudence that requires the Water Board or the City to do more than properly barricade and light points in the streets where work is being done. There is no evidence here that the barricades or the lights were flimsy and inadequate when installed.
"I am compelled to hold that as the barricades and lights were properly installed, there was no duty on the part of the City or Water Board to maintain an all-night vigil with a special officer or sentinel.
"But assuming that the City did not have the hole properly barricaded, young Sapir, coming to a full stop 125 feet away, with his headlights burning properly, and with a street light burning at the corner, even though the street itself was in a darkened recess because of the trees, could still, had he been observant and watching what he was doing, have seen the mud pile and avoided it. One has a right to assume that the streets and sidewalks are safe, but where the obstruction is one that can easily be seen by simple observance and look-out, the obstruction is then not a trap.
"La.R.S. 32:301 provides that under normal atmospheric conditions on a level road, motor vehicles must have head lamps sufficient to render clearly discernible a person 200 feet ahead. And as young Sapir was travelling only 25 miles an hour at the time, he should have been able to stop within 40 feet, long before he reached the obstruction. See Vol. 9 C, Sec. 6237, Blashfield's Cyclopedia of Automobile Law & Practice.
"So young Sapir must be held, in the alternative, to have been guilty of negligence in not keeping a look-out and watching where he was going in the situation, and under the circumstances then prevailing. I am forced to conclude that young Sapir was tired and worn out from the night's entertainment as described above, and was too drowsy or sleepy to be alert *286 enough to see the barricade and the red lights.
"There is no fixed rule for determining what constitutes a dangerous hazard. The test generally applied is whether the accident would have happened if the pedestrian or motorist was exercising ordinary care. Ward Baking Company v. City of New Orleans, La.App., 94 So.2d 720; Fiegler v. Liberty Mutual Insurance Co., La.App., 90 So.2d 877; Birth v. New Orleans, La.App., 77 So.2d 233; Jones v. Boh Bros. Construction Co., Inc., La.App., 79 So.2d 899.
"In view of the above, I am compelled to render judgment declaring that the defendants were not guilty of any negligence, and that the accident happened solely because of the failure of the plaintiff, young Sapir, to observe what he should have seen and observed, to-wit, the barricades with the warning red lights."
For the reasons assigned the judgment appealed from is affirmed, plaintiff to pay all costs incurred in both courts.
Affirmed.
NOTES
[1] Mr. Elliott Ardoin, Sewerage and Water Board foreman in charge of the excavation, testified the cut was 8 feet long from the neutral ground into the uptown roadway, and that the mound of earth was 8 feet long and 4 feet high.