P. DAVIS MARTINEZ, Judge ad hoc.
Plaintiff, General E. Paige, filed a damage suit on October 9, 1958, against Vincent Mesisco to recover Five Hundred and No/100 ($500.00) Dollars in damages for the total loss in a rear end collision of his 1950 Chevrolet panel truck. Domiciliary service was made on defendant and in due course the preliminary judgment of default was confirmed and made final. Notice of judgment was then served on defendant by domiciliary service.
On January 22, 1960, by writ of fieri facias, the plaintiff placed a seizure on the defendant’s residence and to have the seizure lifted, defendant’s mother, Mrs. Carmella Mesisco, or father, Mike Mesisco, paid the keeper Twenty-five and No/100 ($25.00) Dollars and then the defendant’s mother, Mrs. Carmella Mesisco, went in the office of Morphy & Freeman on January 25, 1960, where, in the presence of the defendant, his mother, Mrs. Carmella Mesisco, signed a promissory note for the balance of the judgment.
Mrs. Carmella Mesisco paid One Hundred Seventy-five and No/100 ($175.00) Dollars in installments before becoming delinquent on the note. A suit on the note was filed on July 19, 1960, in proceeding No. 49-437, First City Court, New Orleans, Louisiana.
On August 16, 1960, Plaintiff-Appellee, Vincent Mesisco, filed a suit to annul the judgment in the case of General E. Paige *910 versus Vincent Mesisco, No. 37-149, First City Court, on the grounds that the defendant was not properly served with citation and that the proof offered on confirmation of default consisted of estimates of 1953 vehicles instead of 1950 vehicles.
Mrs. Carmella Mesisco, the mother of Vincent Mesisco, then answered the suit on the note denying any responsibility on the basis that the note was signed by her for no consideration.
Plaintiff, General E. Paige, answered the action for nullity averring that defendant had been fully cognizant of the proceedings; that he permitted execution against him and that he allowed his mother to sign a promissory note to pay off the judgment.
The two cases were then consolidated and tried on the merits. Judgment was rendered decreeing that the judgment in the case of General E. Paige versus Vincent Mesisco, No. 37-149, be set aside, reserving to plaintiff his right to come in and make proper proof and judgment was also rendered in the case of Paul Morphy, Jr. versus Mrs. Carmella Mesisco, No. 49-437, in favor of defendant and against the plaintiff, dismissing plaintiff’s suit at their costs.
An examination of the record reveals that proper domiciliary service was made on defendant, Vincent Mesisco. The evidence, defendant’s own testimony clearly reveals that he was never domiciled in Detroit but retained his domicile in New Orleans.
The contention of Vincent Mesisco that the default judgment rendered against him in proceeding No. 37-149, was obtained through fraud and ill practice on the Court is not supported by the evidence.
The record shows that Vincent Mesisco had the benefit of consultation of two lawyers besides his present counsel. One attorney was consulted before the default judgment complained about was rendered and another was consulted at the time of seizure. It is obvious that Vincent Mesisco knew of the proceedings and even permitted his mother to sign a promissory note to pay his debt without any objection whatsoever.
The record shows that the proof, submitted in support of plaintiff’s default judgment, consisted of estimates of 1953 vehicles instead of estimates of 1950 vehicles. Plaintiff’s theory, though incorrect, was that he was entitled to the price of a replacement vehicle to restore him to the status quo and that he was entitled to the price of a 1953 vehicle as a 1950 vehicle was not immediately available.
The correct method of determining the value of loss of a vehicle is by arriving at value of automobile before accident, and no additional amount may be claimed in owner’s action against tort feasor. Terrebonne v. Toye Brothers Yellow Cab Co., La.App., 64 So.2d 868; Irwin v. McGee, La.App., 93 So.2d 17; Burton v. Southwestern Gas & Elec. Co., La.App., 107 So.2d 67; Ward Baking Co. v. City of New Orleans, La.App., 94 So.2d 720; Engolia v. Houston Fire and Casualty Insurance Co., La.App., 65 So.2d 814.
We conclude that the court had the benefit of the pleadings and heard the evidence which was accepted and judgment was rendered consistent with plaintiff’s theory and proof. Our law provides for recovery of damages for the loss of a vehicle and the fact that a court erred in applying the correct rule of law in ascertainment of the amount of damages does not subject a judgment, otherwise properly rendered, to an action of nullity. The judgment obtained by Plaintiff-Appellant, General E. Paige, is erroneous, but was not obtained through fraud, deceit or ill practice. Vincent Mesisco had an adequate remedy by appeal. He cannot now urge the nullity of the judgment.
Our opinion is that the promissory note, signed by Mrs. Carmella Mesisco, and sued upon in the case of Paul Morphy, Jr. versus Mrs. Carmella Mesisco, No. 49- *911 437, was based upon valid consideration. Mrs. Carmella Mesisco signed a note to pay for her son’s debt. A debt due by another is sufficient consideration to support the promise of a third party to pay. Louisiana Store & Market Equipment Co. v. Moore, La.App., 167 So. 477; Flood v. Thomas, 5 Mart. (N.S.) 560; New Orleans Gas Light & Banking Co. v. Paulding, 12 Rob. 378; New Orleans & Carrollton Railroad Co. v. W. W. Chapman, 8 La.Ann. 97.
For the foregoing reasons, the judgment of the City Court annulling the judgment in the case No. 37-149, rendered on the 14th day of January, 1959, and signed on the 21st day of January, 1959, is reversed; the judgment of the City Court in the case No. 49-437, is reversed, and there will be judgment in favor of Plaintiff-Appellant, Paul Morphy, Jr. and against Defendant-Appellee, Mrs. Carmella Mesisco, at defendant-appel-lee’s costs.