HENRY F. TURNER, Judge pro tem.
We granted remedial writs in this case to review the judgment of the First City Court for the City of New Orleans, wherein a writ of injunction was denied the relator. A brief history of the litigation is necessary in order to properly state the case. General E. Paige sued Vincent Me-sisco for damages to his automobile growing out of an automobile accident, said suit bearing No. 37-149 on the docket of the First City Court of the City of New Orleans. The defendant permitted judgment to go against him by default, which judgment was in the amount of $500.00. When the judgment became executory, plaintiff caused a writ of fieri facias to be issued to cause certain property belonging to the defendant to be seized. The defendant’s mother, Mrs. Carmella Mesisco, came to the rescue of her son and negotiated with defendant’s attorney for the release of the seized property. She gave her note in the amount of $500.00 and agreed to pay the note by installments. The seized property was released. Mrs. Mesisco paid a number of payments on the note and then defaulted. Paige assigned the note to his attorney, who brought a suit against Mrs. Carmella Mesisco for the balance due on the note, said suit being No. 49-437 of the First City Court of the City of New Orleans. Vincent Mesisco then filed a suit to annul the judgment against him on the grounds that he had not been properly cited in suit No. 37-149 and that the damage inflicted by him upon the automobile of the plaintiff was negligible and far less than the amount of judgment of $500.00. Mrs. Carmella Mesisco sought nullity of her note on the ground of no consideration in suit No. 49-437. The two cases were consolidated and, after trial, judgment was rendered in the Paige v. Mesisco case setting aside the previous judgment with a reservation to plaintiff to come in and make proper proof of damages. Judgment was rendered in the case of Morphy v. Mesisco, La.App., 144 So.2d 908 dismissing plaintiff’s suit at his cost. An appeal from these judgments was timely effected to this Court, whereupon this Court reversed the holding of the City Court and ruled that the default judgment against Mesisco was good and valid and further that his mother’s signing of the note to release the seizure was not without consideration. A mandate of the judgment of this Court, reported in Paige v. Mesisco, La.App., 144 So.2d 908, was returned to the City Court for the City of New Orleans. Paige then sought to collect his judgment from both Vincent Mesisco by having fieri facias issued in the case of Paige v. Mesisco, No. 37-149, and also to collect from Mrs. Carmella *325 Mesisco in the case of Paul Morphy v. Mrs. Carmella Mesisco, No. 49-437.
The question before us is whether or not the giving of the note by Mrs. Mesisco for the release of her son’s seized property constituted payment of said note or was merely a security device. We think we settled that issue in our previously reported case wherein we stated: “Plaintiff, General E. Paige, answered the action for nullity averring that defendant had been fully cognizant of the proceedings; that he permitted execution against him and that he allowed his mother to sign a promissory note to pay off the judgment.” (italics ours) Again quoting from that case: “Our opinion is that the promissory note, signed by Mrs. Carmella Mesisco and sued upon in the case of Paul Morphy, Jr. versus Mrs. Carmella Mesisco, No. 49-437, was based upon valid consideration. Mrs. Carmella Mesisco signed a note to pay for her son’s debt.” (italics ours) “A debt due by another is sufficient consideration to support the promise of a third party to pay.”
We think that we previously made it dear that Mrs. Carmella Mesisco paid off her son’s debt (the judgment) thereby extinguishing same. Paige neither filed a brief nor made an appearance in this case. Counsel for Paige in opposition to application for writs argued, however, that it would be foolish to release a seizure already in force, upon which something would be realized, to accept a note. He indicated, however, that the property seized was not of sufficient value to satisfy the judgment. We do not have the benefit of the inventory of the property seized and are unable to determine the value of the property seized. It occurs to us, however, that the property seized was of a value inadequate to satisfy this judgment. The plaintiff preferred a note by the defendant’s mother and undoubtedly considered the note more valuable than the net amount of the property after sale, costs and so forth. We find no indication in the record to indicate that the note given by Mrs. Mesisco was a security device. Rather, as stated by us in our previous decision, the note paid out the debt of her son, thereby extinguishing it.
For the foregoing reasons, the ruling of the City Court refusing the issuance of a preliminary writ of injunction sought by defendant, Vincent Mesisco, is hereby reversed, and the case is remanded to said court with instructions to issue a writ of injunction as prayed for. Costs to be paid by General E. Paige.
Reversed and remanded.