REGAN, Judge.
The plaintiff, Edward Johnson, filed suit individually and on behalf of his minor son, Nolan E. Johnson,[1] against the defendants, Hardy B. Price and General Guaranty Insurance Company, his automobile liability insurer, endeavoring to recover the sum of $14,500.00, representing damages for personal injuries and loss of wages incurred by his son and medical expenses incurred by himself which he asserts resulted from the negligence of the defendant in colliding with a stalled vehicle which Nolan Johnson was preparing for towage.
The defendants answered and generally denied the allegations of the plaintiff’s petition. In addition thereto, they specially pleaded in the alternative the doctrines of unavoidable accident, contributory negligence, and assumption of risk on the part of the plaintiff’s son.
From a judgment in favor of the plaintiffs in the amount of $7,845.91, the defendants have prosecuted this appeal.
The record reveals that the accident which forms the subject matter of this litigation occurred on November 10, 1963, in U. S. Highway 61, colloquially referred to as the Airline Highway, approximately one mile *366 north of Gramercy, Louisiana. The exact time of the accident is not clear, since the record discloses estimates thereof varying between 6:30 and 8:30 P.M. However, it is evident that it was raining and that the collision occurred in an unlighted section of the highway. Moreover, all three vehicles, prior to the accident, were traveling from Baton Rouge in the general direction of New Orleans.
Nolan Johnson was a passenger in a vehicle driven by one Louis Jackson. In the course of their journey, they stopped to lend assistance to Willie Williams, whose vehicle had ceased to operate because of a dying battery due to a malfunctioning generator. Jackson pushed the Williams vehicle until it started and then followed it in order to guard against a recurrence of the same problem.
Shortly thereafter, the Williams vehicle again stalled, and Jackson drove in front of it in order to attach a chain to tow the automobile. The record reveals that both vehicles were stopped in the right or slow lane of traffic, but the Jackson vehicle, which was in front, was parked slightly closer to the center of the highway than the Williams vehicle, so that the left rear portion of Jackson’s automobile was not obscured thereby. It is significant, in connection with an accident of this nature, to point out that the color of Williams’ automobile was predominantly red and white.
The record is clear that the Jackson car’s tail blinker and back up lights were all purposely in operation. While there exists some dispute as to whether the tail lights on the Williams vehicle were in operation, the evidence indicates that they were lighted but dim because the generator, as we have said, failed to charge the. battery. In addition thereto, Williams positioned himself about 35 to 50 feet behind the stopped vehicles and waved a dark colored blanket in an effort to warn approaching motorists. Williams testified unequivocally that when he looked back from his position, he could clearly see the tail lights of his vehicle burning.
Simultaneously, Johnson was between the cars preparing to attach a tow rope or chain to each in order to perform a towing operation. While he was standing between the two parked vehicles, Hardy Price drove his car into the rear of Williams’ stalled automobile causing serious injuries to Johnson’s leg.
The plaintiff testified that he was moving at a speed of between 45 and 50 miles an hour when the collision occurred which was well within the posted speed limit of 65 miles per hour.
Predicated on this evidence, the trial judge concluded that Price was negligent in driving his vehicle too rapidly under the circumstances, and/or in failing to maintain a proper lookout. He likewise found no merit to the plea of contributory negligence or of Johnson’s assumption of the risk.
In determining what constitutes negligent conduct, there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true Civil law concept. Judicially, we are tending more and more to an appreciation of the truth that, in the last analysis, there are few rules; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate the variation of facts present in every accident and prescribe the proper rule for each.[2]
The foregoing illucidation reveals that only controversial questions of fact were posed for the trial court’s consideration. Having been confronted with the evidence offered by counsel for both litigants, he obviously, as we have said, accepted the plaintiff’s version of the individual manner in which this particular accident occurred, and concluded that the proximate cause thereof was the negligence of the defendant *367 in driving too fast under the existing conditions or in failing to see that which the law contemplates he should have seen in time to avert the accident, or a combination of both factors.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted the plaintiff’s individual version thereof and our analysis of the record convinces us that the evidence preponderates in his favor.
The plaintiff’s medical expenses of $628.15, as well as his loss of earnings of $2,217.76 from November 10, 1963, until the latter part of May, 1964, were stipulated by respective counsel. However, the defendants contend that the award of $5,000.00 for a fractured tibia, and the pain and suffering endured in connection therewith, was excessive by $2,500.00.
The evidence reveals that the plaintiff, Nolan Johnson, received a rather serious fracture of the left tibia which was set by closed reduction and placed in a cast for approximately four months. He was hospitalized for eleven days. A period of about eight months from the date of the accident transpired before he was discharged from treatment. His physician expressed the opinion that he has an estimated 5% permanent disability of the left leg as a result of the fractured tibia. In view of the nature of the accident and the length of time during which the plaintiff was disabled, we are of the opinion that the trial court’s award was neither excessive nor inadequate.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendants are to pay all costs incurred herein.
Affirmed.

. Since Nolan Johnson had attained his majority when the trial hereof occurred, he was awarded all of the damases with the exception of the medical bills previously paid by his father.

. See Johnson v. Wilson, La.App., 97 So.2d 674 (1957); Ward Baking Co. v. City of New Orleans, La.App., 94 So.2d 720 (1957).