BLANCHE, Judge.
This suit arose out of an automobile accident which occurred near the intersection of Iris Street and Nicholson Drive in the City of Baton Rouge, Louisiana. Plaintiffs, Mr. and Mrs. William Russell Le-Blanc, Jr., with their passengers, Mr. and Mrs. Glenn R. Duhon, were proceeding in a westerly direction across Nicholson Drive into Iris Street when the undercarriage of the 1967 Pontiac which plaintiff husband was driving hit a manhole cover protruding into the gravel roadway. The ensuing impact was sufficient to bring the vehicle to an immediate halt, damaging the vehicle and injuring the occupants thereof.
The defendant, Parish of East Baton Rouge, answered the suit generally denying the allegations thereof and contending that the plaintiff husband was contributorily negligent.
Intervenor, Liberty Mutual Insurance Company, the insurer of plaintiff’s automobile, filed an intervention for $542.31, rep *636 resenting- the sum paid plaintiff under his policy of collision insurance for damages to the vehicle.
The trial court awarded judgment for plaintiff husband in the sum of $664.60, for plaintiff wife in the sum of $1,500 and for Intervenor in the sum of $542.31. Defendant, Parish of East Baton Rouge, has appealed from this judgment. We affirm.
Defendant has no complaint as to quantum on appeal. However, defendant contends that the trial judge erred in finding negligence on the part of defendant, Parish of East Baton Rouge, arguing that the manhole cover, even if it were protruding four to six inches, was not and had not been a patently and obviously dangerous condition. Defendant further argues that no one else had complained about the manhole cover and that no other accidents had taken place and that the Parish did not have actual knowledge or constructive notice of a dangerous condition and fail to correct it within a reasonable time. Alternatively, defendant contends that the plaintiff husband should have seen the obstruction and was contributorily negligent.
It is well settled that a municipality is liable for defects in its streets when it is shown that such defects are unusually hazardous or trap-like, even to a person using ordinary care, and that the municipality had either actual or constructive notice of the defect and failed to correct it within a reasonable time. Kinard v. City of Jennings, 184 So.2d 570 (La.App. 3rd Cir. 1966). There is no fixed rule for determining what constitutes a dangerous hazard. The test generally applied is whether the accident would have happened if the pedestrian or motorist were exercising ordinary care. Sapir v. Sewerage & Water Board of City of New Orleans, 127 So.2d 283 (La.App. 4th Cir. 1961). Further, a motorist using ordinary care has a right to presume that the street is free of any unusual hazards that it is safe for usual and ordinary traffic. Smith v. State, 87 So.2d 380 (La.App. 1st Cir. 1956).
The trial court found the plaintiff to be exercising ordinary care, as he was proceeding at a slow rate of speed when he crossed Nicholson Drive and entered Iris Street. It was also shown that the area was not well lighted and that the manhole cover was situated in the gravel surface of the street and was, therefore, not easily discernible with the exercise of ordinary care. Nicholason Drive is somewhat higher than Iris Street and the manhole cover was situated on Iris approximately eight feet from Nicholson Drive and was not noticed by plaintiff as he entered Iris Street. It was further shown that plaintiff had never traveled on Iris Street and was not aware that such a condition existed in the street.
We are of the opinion that under the foregoing circumstances a manhole cover protruding four to six inches above the street is an unusually hazardous or trap-like condition. It is certainly foreseeable that a motorist striking such an obstacle might injure himself or others.
Finally, we consider whether defendant had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it.
In this connection the trial court observed :
“ * * * The court places great weight on the testimony of Sidney Ivey. Taking his testimony along with the balance of the testimony into account, the court finds that this manhole cover was protruding from between four and six inches from ground level at the time that the LeBlanc vehicle struck it, and that the danger it created could not have been reasonably anticipated by LeBlanc. Testimony indicates that the Parish had no actual knowledge of this defect. The court feels that Mr. Ivey’s testimony that this protrusion had been in the road for ‘a couple of months or more, maybe longer than that’ should be sufficient to show that the Parish should have known *637 about the defect. Furthermore, it was obvious that the condition was permitted to remain in its dangerous state for such a length of time to warrant the conclusion that the Parish was negligent in failing to discover and correct it. * * * ” (Written Reasons for Judgment, Record, pp. 34, 35)
We are in accord with the foregoing finding of fact and conclusion of the trial judge and likewise conclude that the proximate cause of plaintiffs’ damages was the defendant’s negligence.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs authorized by law are assessed against defendant-appellant.
Affirmed.