290 So.2d 763 (1974)
Ike ARNOLD et al.
v.
CITY-PARISH GOVERNMENT et al.
No. 9691.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Rehearing Denied March 22, 1974.
*764 Arnold J. Gibbs, Baton Rouge, for appellants.
Edward V. Fetzer, Baton Rouge, for appellees.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER Judge.
This is a suit sounding in tort for damages resulting when an automobile ran into a sewer manhole. Petitioners are Ike Arnold, the owner of the automobile, his wife, Rosa Arnold, who was driving the automobile at the time, and a guest passenger, Nancy Butler. The defendant is the City-Parish Government of East Baton Rouge Parish and the City of Baton Rouge. Judgment was rendered below in favor of petitioner, Ike Arnold, and against defendants in the sum of $277.27; in favor of petitioner, Rosa Arnold and against defendants in the sum of $250.00; and in favor of petitioner, Nancy Butler and against defendants in the sum of $320.00. The defendants have taken an appeal and the three petitioners have answered the appeals seeking an increase in quantum.
The facts reflect that on September 9, 1965, at approximately 8:00 in the morning, the petitioner, Rosa Arnold, and her guest passenger, Nancy Butler, were proceeding along Pear Street in the City of Baton Rouge, when the undercarriage of the 1968 model DeSota automobile in which they were riding hit a manhole cover, protruding above the gravel roadway. The impact apparently brought the vehicle to an abrupt halt causing damages to the vehicle as well as minor injuries to both the driver and her guest passenger.
In its written reasons for judgment, the Lower Court said:
"Several persons living in the immediate vicinity of the accident testified. This testimony indicated that Pear Street was an unimproved gravel road and that the sewer line in question had been protruding above the gravel level for better than a year prior to the date of the accident. Nathanial Wells estimated that it protruded about six to eight inches. Martha Henderson said that she had noticed a hole in the street around the manhole cover for at least a year prior to the date in question. Both witnesses admitted that periodically, about every four months, the Parish road-grader graded the gravel along Pear Street. Several other witnesses testified that there was a protrusion and hole around the manhole cover and same had been there for an extended period of time. Charles Hair, an engineer for the Consolidated Sewer District at the time of the accident, testified that he heard about the accident on his way to work and went to the scene. The automobile was on top of the manhole cover when he arrived. He said that when the front end of the automobile *765 hit the manhole cover, its casing was tilted. (See photographs introduced in evidence.) Mr. Hair said when he passed by the location a year earlier there was nothing wrong with the street. Mr. Hair admitted that from an engineering point of view, it was most unsatisfactory to place a concrete sewer manhole in a gravel road because the gravel had a tendency to work away from the stationary manhole cover.
This court recently had occasion to try a similar case involving a protruding manhole cover. In affirming, the First Circuit Court of Appeal in LeBlanc v. Parish of East Baton Rouge (1972), 271 So.2d 634, restated the well-recognized rule that a municipality is liable for defects in its streets when it is shown that such defects are unusually hazardous or trap-like even to a person using ordinary care and that the municipality had either actual or constructive notice of the defect and failed to correct it within a reasonable time."
We feel that the Lower Court was correct in holding the defendants negligent because of the principle set forth in LeBlanc v. Parish of East Baton Rouge, 271 So.2d 634 wherein it said:
"It is well settled that a municipality is liable for defects in its streets when it is shown that such defects are unusually hazardous or trap-like, even to a person using ordinary care, and that the municipality had either actual or constructive notice of the defect and failed to correct it within a reasonable time. Kinard v. City of Jennings, 184 So.2d 570 (La.App. 3rd Cir. 1966). There is no fixed rule for determining what constitutes a dangerous hazard. The test generally applied is whether the accident would have happened if the pedestrian or motorist were exercising ordinary care."
We feel, as did the Lower Court, that this particular sewer manhole constituted a hazard to traffic in the area. Although one of the witnesses testified that it protruded some six to eight inches above the gravel, the photographs in the record shows that there may have been some depressions around the manhole and that the cover of the manhole possibly did protrude some six to eight inches above these depressions. The record reflects that the City of Baton Rouge graded the street approximately every three months. Certainly we feel that they had constructive knowledge of the defect and failed to correct it.
In LeBlanc v. Parish of East Baton Rouge (Supra) the Court said:
"The trial court found the plaintiff to be exercising ordinary care, as he was proceeding at a slow rate of speed when he crossed Nicholson Drive and entered Iris Street. It was also shown that the area was not well lighted and that the manhole cover was situated in the gravel surface of the street and was, therefore, not easily discernible with the exercise of ordinary care."
In that case, as well as in Kinard v. City of Jennings 184 So.2d 570, the Court found the defendant guilty of negligence and found no contributory negligence on the part of petitioner. We also find no contributory negligence here. The protruding manhole coupled with the depression or hole surrounding it constituted a trap that was not discernible with the exercise of ordinary care.
We have reviewed the record with reference to the damages awarded and find no abuse of discretion on the part of the Trial Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed. The costs of this appeal shall be paid by defendants.
Judgment affirmed.