SAMUEL, Judge.
On or about April 17, 1973 plaintiff herein and a William A. Doyle were involved in an automobile collision in the Parish of Jefferson. At the time of the accident plaintiff was not covered by a policy of liability insurance. Both drivers reported the accident to the Department of Public Safety. In due course the Department issued an order suspending plaintiff’s driver’s license and registration unless she deposited security in the amount of $270.-83. Plaintiff then requested an administrative hearing ttnder LSA-R.S. 32:852, subd. A. Following that hearing the Department adhered to its prior order.
*332 Plaintiff then filed this appeal to the district court ' under LSA-R.S. 32:852, subd. B. After trial there was judgment decreeing the order of the Department null and void. The Department has appealed.
The matter was heard on this stipulation of facts: No personal injury was incurred in the accident; the Doyle report to the Department stated the damages to his automobile, a 1974 Chevrolet, amounted to $270.83; in a NADA handbook, an official publication of the National Automobile Dealers’ Association which evaluates prices of automobiles nationally and on a current basis, and which was introduced in evidence at the administrative hearing, the earliest Chevrolet evaluations listed were for the year 1966; a used car dealer, who had not seen the particular car involved herein and had used the NADA handbook to make his evaluation, had testified by affidavit at the hearing (and would so testify in the district court if called) that a 1964 Chevrolet would not be worth more than $100; and, except for Doyle’s report, there was no other evidence as to the value of his 1964 Chevrolet. In addition, in this court it was stipulated that plaintiff’s report to the Department stated the damages to her automobile amounted to $620.
In the trial court and in this court it is plaintiff’s position: The Safety Responsibility Law (LSA-R.S. 32:851 et seq.) only comes into effect when the amount of damage for which a party may be held responsible is in excess of $200; under our law Doyle cannot recover damages in excess of the actual value of his automobile;[1] and as the value of that vehicle was less than $200, the Department was without jurisdiction to suspend plaintiff’s license and registration or to require that she furnish any security. We note this is plaintiff’s only complaint; she does not contend the required security is excessive. The Department argues that because the Chevrolet evaluations listed in the NADA handbook for 1966 models ranged from $375 to $1,650, allowing for depreciation it could reasonably be said that Doyle’s 1964 model had a value in excess of $200. Our view of the matter makes unnecessary a determination of the actual value of the Doyle vehicle.
In pertinent part, the law applicable to the issue before us reads as follows:
“The operator of every motor vehicle which is in any manner involved in an accident within this state, in which any person is killed or injured or in which damage to the property of any one person, including himself, in excess of two hundred dollars is sustained, shall within ten days after such accident report the matter in writing to the commissioner. Such report, the form of which shall be prescribed by the commissioner, shall contain information to enable the commissioner, to determine whether’the requirements for the deposit of security under R.S. 32:872 are applicable by reason of the existence of insurance or other exceptions specified in this Chapter. The commissioner may rely upon the accuracy of the information unless and until he has reason to believe that the information is erroneous. . . . ” LSA-R.S. 32:871.
“A. If, twenty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to property of any one person in excess of two hundred dollars, the commissioner does not have on file evidence satisfactory to him that the person who would otherwise be required to file security and give proof of financial responsibility under Subsection B of this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or dam *333 ages resulting from the accident, the commissioner shall determine the amount of security which shall be sufficient in his judgment to satisfy any judgment or judgments for damages resulting from such accidents as may be recovered against each operator or owner.
B. The commissioner shall, within sixty days after the receipt of such report of a motor vehicle accident, suspend the license and all registrations of each operator and owner of a motor vehicle in any manner involved in such accident, unless such operator or owner or both shall deposit security in the sum so determined by the commissioner; ...” LSA-R.S. 32:872 A and B.
“The requirements as to security and suspension in R.S. 32:872 shall not apply:
(1) To the operator or the owner of a motor vehicle involved in an accident wherein no injury or damage was caused to the person or property of any one other than such operator or owner; ...” LSA-R.S. 32:873.
As we understand the Safety Responsibility Law, under the first sentence of the above quoted Section 871 the Department has jurisdiction over, and the law applies to, the operator of a motor vehicle involved in an accident “in which damage to the property of any one person, including himself, . . . ” is in excess of $200. Therefore, in the instant case, as the damages to the plaintiff’s vehicle are in the amount of $620, or clearly in excess of $200, the law is applicable and the Department does have jurisdiction. Here there is none of the evidence mentioned in the quoted Section 872, subd. A, or’ any other provision of the law, which would relieve the plaintiff from the necessity of furnishing security. Under that quoted provision the Department not only had jurisdiction but was required to determine the amount of security sufficient in its judgment to satisfy any judgment or judgments for damages resulting from the accident as might be recovered against the plaintiff.
 In our opinion the $200 minimal limitation has application only to the question of whether or not the Department has initial jurisdiction, i. e., when there is no injury or death and only damage to property, the damage to property of any one person must be in excess of $200 in order for the Safety Responsibility Law to apply. Following such application we find no provision of the Safety Responsibility Law which restricts the requirement of posting security and of suspension to only those cases in which the damages for which the operator or owner could be liable exceeds $200. The language contained in the sections makes no such limitation and indicates the contrary.
The last portion of the quoted Section 872, subd. A requires that the Department determine the amount of security sufficient to satisfy any judgment or judgments for damages resulting from the accident as may be recovered against each operator or owner. The quoted portion of Section 873, an exception to the requirements of security and suspension, states only that the requirements as to security and suspension do not apply to an operator or owner where no injury or damage was caused to the person or property of any one other than such operator or owner. To repeat for emphasis, the exception applies only where there is no injury to another person or no damage to the property of another person. The exception does not state that the damage to the property of another person must be in excess of $200; any damage to the property of another person is sufficient to take the matter out of the exception.
Accordingly, we hold that once there has been damage to the property of any one person in excess of $200, the Safety Responsibility Law applies and the penalties prescribed in that law, suspension and security, are applicable even though the *334 judgment which may be recoverable amounts to less than $200.
For the reasons assigned, the judgment appealed from is reversed and plaintiff’s suit is now dismissed; costs in both courts to be paid by plaintiff.
Reversed.

. Citing Bernard v. Fidelity & Casualty Company of New York, La.App., 186 So.2d 904, and Paige v. Mesisco, La.App., 144 So.2d 908.