WATSON, Judge
(dissenting) :
Plaintiff filed this suit to recover for injuries to her minor son, Rory Vanderlick, which occurred while he was riding a bicycle on the Jackson Street Extension in Alexandria, Louisiana, allegedly as a result of a drainage grate along the side of the street which caught the wheel of his bicycle. The trial court dismissed plaintiff’s suit and the majority affirms on the basis of contributory negligence on the part of the bicycle rider.
I dissent from the majority opinion.
The trial court’s conclusion that the Department of Highways is not liable for this bicycle rider’s injuries is at sharp variance with its factual findings.
The trial court found as follows :
“, . . . the Court is satisfied from the circumstances surrounding the accident that Rory’s bicycle came in contact with the grate of the catch basin in question or slipped into a space between the grate and the street side edge of the catch basis and that this caused his fall.” (TR. 30)
Further, the trial court found:
“This Court is of the opinion that the Department of Highways was negligent when it designed and installed the grate in question. More specifically, the Court is of the opinion that the space left between the grate and the street side edge of the catch basin is highly dangerous to bicycle riders and particularly those riding narrow wheel bicycles.” (TR. 31)
The trial court then stated that plaintiff failed to carry her burden of proving that the Highway Department’s -negligence caused the injuries, based on the fact that the trial court could not determine whether the bicycle came in contact with: (1) the grate; or (2) the space between the grate and the edge of the catch basin. I do not find this distinction sound.
The trial court also concluded and the majority finds that the bicycle rider was negligent in failing to see and avoid the grate and that this negligence barred his recovery. I do not agree.
The trial court found that the contact between Rory’s bicycle and the negligently designed catch basin was a cause in fact of the harm to plaintiff’s son.
In determining whether or not the Highway Department breached a legal duty to the injured bicycle rider, we must consider what the Department of Highways’ duty is in regard to bicycle riders. LSA-R.S. 32:194 provides as follows:
“Every person riding a bicycle upon a highway of this state shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle by this Chapter, except as to special regulations in this Part and except as to those provisions of this Chapter which by their very nature can have no application.”
The street in question was not a controlled- access highway as provided by LSA-R.S. 32:263. This bicycle rider thus had the right to expect that the street was reasonably safe for his use, and he had all the “rights” of a motor vehicle in availing himself of that use. As the trial court found, the Department of Highways breached its duty to this bicycle rider when it designed and installed the grate in ques *893 tion which was “ . . . highly dangerous to bicycle riders . . . (TR. 31)
I would conclude that the design of the grate was the cause in fact of plaintiff’s injuries; that the Department of Highways breached a duty to bicycle riders and more specifically to plaintiff’s son in its negligent design of the grate in question and that this negligent design created an unreasonable risk of harm to this bicycle rider and others using the street in question. In this regard, I note the trial court’s-finding that:
“The Highway Department experts . admitted that no consideration whatever was given in making these basins safe for bicycle traffic.” (TR. 31)
A bicycle rider like other motorists has the right to presume that the thoroughfare in front of him is free from unusual hazards. Mixon v. Allstate Insurance Co., 300 So.2d 232 (La.App. 2 Cir. 1974); writ refused 303 So.2d 179; LeBlanc v. Parish of East Baton Rouge, 271 So.2d 634 (La.App. 1 Cir. 1972) ; writ denied 273 So.2d 845; Arnold v. City-Parish Government, 290 So.2d 763 (La.App. 1 Cir. 1974).
In regard to the question of the bicyclist’s contributory negligence, I note that LSA-R.S. 32:197A provides as follows:
“Every person operating a bicycle on a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction.”
Thus, Rory was operating his bicycle in exactly the place where it was supposed to be and where the Department of Highways could have anticipated that bicycles would be ridden. Avoiding the catch basin by veering into the middle of the road might well have constituted negligence on the part of this bicyclist and exposed him to the greater hazard of being struck by an automobile. Ardoin v. State Farm Mutual Automobile Ins. Co., 205 So.2d 632 (La.App. 3 Cir. 1967); Wooten v. Wimberly, 233 So.2d 682 (La.App. 3 Cir. 1970); affirmed 272 So.2d 303 (La.1973). Thus, according to the jurisprudence, a bicycle rider is negligent if he veers into the roadway (Nichols v. Anders, 242 So.2d 293 (La.App. 1 Cir. 1970) ) and, according to the majority, he is also negligent if he proceeds along the edge of the roadway -in his proper lane of traffic.
According to the deposition of Julie Be-tar, who was accompanying the injured boy on her own bicycle at the time of this accident, it occurred as follows:
“We were on the right side of the road. Rory was in front of me and the traffic conditions were pretty bad. There was, I’d say, a car in each lane and his bicycle tire went into the grate close to the concrete and he flipped over the bicycle and there was a wreck.”

“I know there were cars beside us.”
Julie Betar and plaintiff’s injured son were the only witnesses to the accident. Rory confirmed that there was a great deal of traffic on the Jackson Street Extension and that they were riding on the righthand side with the traffic and next to the curb. Rory did not remember anything about the accident itself. In this situation, Rory cannot reasonably be required to veer to the left into the path of traffic on this heavily traveled street to avoid a grate.
I recognize that this is basically a fact case, but in my view the trial court’s decision is inconsistent with its factual findings. Thus I differ with the legal conclusions of the trial court.
On the other hand, the majority omits ' consideration of the negligence of the Department of Highways and centers on the supposed failures of the bicycle rider. I suggest that too high a level of care is required of the bicyclist. I suggest that a person riding a bicycle has a right to rely on LSA-R.S. 32:194 and is not required to go around all grates in the streets and highways (which supposedly are designed *894 for the safe passage of all vehicles, narrow-tired or not) or instead stop and inspect each to determine whether passage is safe. It is interesting to note that if the bicyclist swerved he would violate LSA-R.S. 32:197A and if he stopped he would probably violate a city ordinance or a state statute against stopping on the travelled portion of the road. In any event, if he swerved or stopped and got hit, he would be contributorily negligent if the majority’s view of a bicyclist’s rights were applied.
I respectfully dissent.