BOLIN, Judge.
Plaintiff sued Reburn Oil and Gas, Inc., and A. M. Reburn on a promissory note, dated October 24, 1961, executed and signed by Reburn in his capacity as president of the corporation. From judgment in plaintiff’s favor against the defendants, jointly and in solido, and reserving its rights against other officers of the corporation, defendants, Reburn Oil and Gas, Inc., and A. M. Reburn appeal.
The note, in the principal sum of $9,069.-75, is payable to the order of Temple Iron Works, Inc. Temple seeks to hold Reburn personally liable on the ground the minimum capital with which the corporation was authorized to begin business had not been paid in at the time it began transacting business.
Louisiana Revised Statutes 12:9 provides:
“A. A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or the payment for its shares, until:
“(1) the articles or a multiple original thereof have been filed for record in the office of the recorder of mortgages, as provided in R.S. 12:5; and
“(2) the amount of capital with which it will begin business, as stated in the articles, has been fully paid in.
“B. If a corporation has transacted any business in violation of this Section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be recorded in the minutes or who, being absent, filed with the corporation their written dissent upon learning of the action, shall be liable jointly and severally with the corporation, and each other, for the debts or liabilities of the corporation arising therefrom.”
Defendants have abandoned their defense that the amount of capital required in the charter had been paid prior to beginning business. The primary contention on appeal is that the corporation never “transacted any business.” It is argued that the company was only a “paper corporation”; that there was no intention for it to engage in business until arrangements could be made to have the assets of Mr. Reburn, which were involved in an involuntary bankruptcy proceeding, released from such proceeding and transferred to the corporation. Further, it is contended the foregoing facts were known to all creditors of Reburn, including plaintiff, at the time the note was executed.
Although the record reflects Reburn’s assets had been listed in the bankruptcy proceeding, he testified he owned 948,000 shares of stock in Reburn Oil and Gas, Inc., and that the bankruptcy proceeding against him had been dismissed. He also admitted he was the owner of oil and gas producing properties listed in the bankruptcy proceeding which he had intended to transfer to the corporation if satisfactory arrangements could be made with his creditors.
Mr. Temple, president of plaintiff corporation, testified when the note in question was executed an officer of Reburn Oil and Gas, Inc., paid him $4,000 on a prior debt owed by Reburn and that the note was prepared and executed for the balance due on the debt. Mr. Temple also testified the note in question was prepared in his office and signed by Mr. Reburn as president of the corporation.
We find, as did the trial court, that the evidence shows it was the intention of Mr. Reburn, at the time the note was signed, to bind the corporation for this indebtedness. The execution of this promissory note was an act of doing business within the purview of Louisiana Revised Statutes 12:9(B) sufficient to render defendant A. M. Reburn liable in solido with Reburn Oil and Gas, Inc.
*162 Defendants also contend the note had no binding effect on the corporation or Reburn as there was no consideration shown for its execution. Every negotiable instrument is deemed prima facie to have been issued for valuable consideration and a pre-existing debt constitutes value. (Louisiana Revised Statutes 7:24 and 25.)
A debt due by another is sufficient consideration to support the promise of a third party to pay that indebtedness. Paige v. Mesisco, (La.App. 4 Cir., 1962) 144 So.2d 908 and numerous cases cited therein.
The evidence is uncontradicted that at the time the note was executed Rebum personally owed plaintiff a large sum of money and this debt constituted sufficient consideration to support the execution of the note sued on.
For the reasons assigned the judgment, appealed from is affirmed at appellants’ cost.
Affirmed.