**THREE BROS. TOWING CO., Inc.,**
**Plaintiff,**

**v.**

**LOUISIANA GULF INDUSTRIES, INC.,**
**and Michael M. Burke, Individually, and**
**Michael M. Burke d/b/a Louisiana Gulf**
**Industries, Inc., Defendants.**

**Civ. A. No. 68–1365.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 28, 1969.

Rufus C. Harris, Jr., New Orleans, La., for plaintiff.

George W. Healy, III, Peter G. Burke, New Orleans, La., for defendants.

CASSIBRY, District Judge:

## FINDINGS OF FACT

**1.**

In October of 1967, Michael M. Burke and Linda C. Burke and others formed a corporation known as Louisiana Gulf Industries, Inc. Michael Burke was a director and president of the corporation and his wife, Linda Burke, was made a director and the secretary-treasurer.

**2.**

On March 9, 1968, Three Bros. Towing Co., Inc., entered into a bareboat charter and option to purchase agreement with Louisiana Gulf Industries, Inc. The agreement provided for charter hire at $150 per day.

**3.**

Charterer, Louisiana Gulf Industries, Inc., failed to make required charter hire payments for the period of May 1, 1968, through July 9, 1968, and therefore it is indebted to Three Bros. Towing Co., Inc., for unpaid charter hire.

**4.**

In addition, in connection with the charter of the vessel, plaintiff and affiliated companies provided towage, materials, supplies, repairs and insurance deductibles and premiums for charterer's account in the amounts as follows:

| | | |
|---|---|---|
| Unpaid charter hire | $10,425.00 | |
| Sales Tax | 546.75 | |
| Total | $10,971.75 | $10,971.75 |
| Insurance Premium paid by Three Bros. Towing Co., Inc., during the period the MV DICK BOLLINGER was tied up to our dock | | 283.35 |
| Rope supplied to tug | | 184.00 |
| Bollinger Machine Shop & Shipyard, Inc., obligation for material and supplies for vessel as requested by Michael M. Burke | | 1,647.43 |
| Portion of Insurance Deductible paid for and on behalf of defendants in connection with collision on May 1, 1968, involving the DICK BOLLINGER and damage claim of Hooker Chemical Corporation for loss of cargo | | 917.91 |
| Insurance Deductible in respect to collision between the tow of the tug DICK BOLLINGER and the USNS MAUMEE, April 1, 1968 | | 1,500.00 |
| Total | | $ 15,504.44 |

**5.**

The articles of incorporation of Louisiana Gulf Industries, Inc., provided it would not begin business until $1,000 in cash was paid in as capital, but it nonetheless transacted business before it received this required amount of capital.

**6.**

The individual defendants, Michael M. Burke and Linda C. Burke, were at all times material to this case directors and officers of Louisiana Gulf Industries, Inc. As officers, they each participated in business transactions by Louisiana Gulf Industries, Inc., prior to having the required amount of paid in capital as required in its articles of incorporation,

and, as directors, neither of them dissented from the transactions of such business.

### 7.

Both Linda Burke and Michael Burke were fully aware of their positions as officers and directors of Louisiana Gulf Industries, Inc.

### CONCLUSIONS OF LAW

### 1.

Louisiana Gulf Industries, Inc., was doing business before it received the minimum capital recited in the articles of incorporation in violation of Louisiana Revised Statutes 12:9, subsec. A (2) and subsec. B, which provide in part.

> "A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or the payment for its shares, until:
>
> \* \* \*
>
> (2) The amount of capital with which it will begin business, as stated in the articles, has been fully paid in.

B. If a corporation has transacted any business in violation of this Section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be recorded in the minutes or who, being absent, filed with the corporation their written dissent upon learning of the action, shall be liable jointly and severally with the corporation, and each other, for the debts or liabilities of the corporation arising therefrom."

### 2.

This court and Louisiana courts have applied this statute to hold the non-dissenting directors and/or the participating officers liable jointly and severally with the corporation for debts arising from the transaction of business by the corporation prior to having the required amount of paid in capital.*

### 3.

Michael M. Burke and Linda C. Burke are liable jointly and in solido with the corporation since Louisiana Gulf Industries, Inc., transacted business prior to having the amount required of paid in capital. They are both directors and officers of the corporation and are liable in their capacity as officers of the corporation because they both participated in the transaction of this business, and in their capacity as directors of the corporation because neither one dissented in writing as required by LSA–RS 12:9, subsec. B (1950).

---

\* Sulphur Export Corp. v. Caribbean Clipper Lines, Inc., 277 F.Supp. 632 (E.D.La. 1968). Construction Engineering Co. of Louisiana v. Village Shopping Center, Inc., La.App., 168 So.2d 826 (1964).

Temple Iron Works, Inc. v. Reburn Oil and Gas, Inc., La.App., 187 So.2d 160 (1966). See also 2 La.Law Rev. 597 (May 1940).