314 So.2d 397 (1975)
Kenneth NETTERVILLE, Individually, etc., et al.
v.
The PARISH OF EAST BATON ROUGE et al.
No. 10246.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied July 9, 1975.
Writ Refused September 19, 1975.
*398 Joseph F. Keogh, Parish Atty., Robert J. Vandaworker, John R. Sheppard, Asst. Parish Atty., Baton Rouge, for appellants.
Robert R. Rainer, Baton Rouge, C. Jerome D'Aquila, New Roads, for appellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
The Parish of East Baton Rouge (Parish) appeals judgment in favor of Kenneth and Gladys Adams Netterville for personal injuries to Mrs. Netterville, and related expenses, which injuries were sustained in a one car automobile accident. The mishap occurred when the Netterville automobile, being driven by Mrs. Netterville, accompanied by her two minor children, Joanie Marie and Charles Richard Netterville, struck a hole in a Parish road and overturned. The State of Louisiana, Through the Department of Highways, was also made defendant herein, but was dismissed from the action upon showing that responsibility for maintenance of the road rests with the Parish. We affirm the finding of liability and award damages in accord with a stipulation of counsel filed in this court.
The trial court granted Mrs. Netterville damages in the amount of $40,000.00 for a serious shoulder injury which left her with a 30 per cent permanent impairment of her left arm. The claims of the minors, Joanie Marie and Charles Richard, were dismissed upon the trial court finding their injuries too insignificant to warrant an award of damages. Mr. Netterville was granted judgment in the sum of $4,504.18 for special damages which were either stipulated or adequately proven. Mrs. Netterville answered the Parish's appeal and prayed for an increase in her award. No appeal was taken from the judgment rejecting the minor's claims.
Despite the award to Mrs. Netterville, the Parish's appeal therefrom asserting, inter alia, the same to be excessive, and Mrs. Netterville's answer to the appeal praying for an increase, the parties have filed a joint stipulation in this court agreeing that plaintiffs' recovery be limited to an aggregate of $10,000.00, if liability is confirmed.
The Parish concedes that a hole existed in the highway in question. It is contended, however, the defect was not shown to have been of sufficient duration to charge the Parish with constructive notice of its existence, and thereby impose liability for failure to remedy the dangerous condition.
Our law is well settled to the effect that a public body charged with maintenance of a public road or street is responsible for damages caused a motorist if the public body had either actual or constructive notice of a defect which causes an accident, and failed to repair the unsafe condition within a reasonable time. Arnold v. City-Parish Government, La.App., 290 So. 2d 763 (1973); LeBlanc v. Parish of East Baton Rouge, La.App., 271 So.2d 634 (1973).
The accident occurred at approximately 1:30 P.M., Sunday, May 21, 1972, on Thomas Road, a two lane, east-west roadway in the Parish of East Baton Rouge. The weather was clear and the roadway was dry. The site of the accident was approximately one mile east of the junction of Thomas Road and Highway 61. Mrs. Netterville, driving the family Volkswagen, was proceeding easterly on Thomas Road after having turned onto said highway from Highway 61, en route to Baton *399 Rouge from the home of Mrs. Netterville's mother in Angola, Louisiana. At the accident scene, Thomas Road is straight and level. It is conclusively shown that the condition of the road was somewhat bad. It had numerous patches, and at times was heavily traveled by trucks when Thomas Road was used as a by-pass while repairs or construction was being performed on nearby major highways. The speed limit on Thomas Road was 45 miles per hour. Mrs. Netterville was not familiar with the road. The last time she traversed this particular route was three or four years prior to the accident.
Mrs. Netterville testified she was proceeding easterly in the eastbound lane at a speed of about 40-45 miles per hour. She did not see the hole in the eastbound lane until she was a short distance away. Upon noticing the hole, which covered virtually all of the eastbound lane and a portion of the opposing lane, she attempted to veer to the right to pass on the shoulder. The left wheels of her vehicle struck the hole. She lost control of the vehicle which then proceeded into the ditch on the right side of the highway and overturned. The testimony of the investigating officer discloses that approximately 40 feet of skid marks were left by the Netterville car before it struck the hole.
Numerous witnesses were called by plaintiffs to establish the size of the hole, and the time of its existence prior to the accident. Kenneth Forbes, who traveled the road for eight years in going to and returning from work, testified he first noticed the hole about May 14 or 15, 1972. He also attested to the generally bad condition of Thomas Road, and the fact that the hole, though large, could not be easily detected. He avoided the hole after first noticing its existence. On the night of May 19, 1972, he inadvertently forgot about the hole and ran into it. The impact was such that he stopped to examine his car because he thought the steering apparatus had been damaged. When he first saw the hole, it covered about 40 per cent of the eastbound lane. He stated the hole grew gradually larger until at the time of Mrs. Netterville's accident, it had reached a size about 6 to 8 feet wide (across the eastbound lane) by a depth of 6 to 8 inches.
George Lovett, who traveled the highway on weekends, testified that on either May 12 or 19, 1972, he had run into the hole without seeing it until he was about two car lengths away. He was traveling about 50 miles per hour at the time. He too attested to the patchy condition of the highway. He stated the hole extended across the entire eastbound lane and into the westbound lane. He estimated the hole to be six inches deep.
John L. Simpson and Sue Donnelly, employees at Louisiana State Penitentiary, Angola, Louisiana, testified in essence that they used the road frequently. Both deposed they could not detect the hole until it was too late to avoid it although both were traveling at approximately 45 miles per hour. Mr. Simpson's car encountered the hole on May 21, 1972; Miss Donnelly's car sustained damage to its air conditioner when it went into the hole on May 20, 1972.
The accident was investigated by Trooper William Spencer who testified the hole was in the eastbound lane of travel. He examined the cavity and found it to be approximately 6 feet in diameter and about one foot deep. He had no idea how long the hole had existed.
George M. Fairchild, Superintendent, Rural Maintenance Division, an employee of the City-Parish Department of Public Works, testified that he had no prior notice of the existence of the hole. On May 23, 1972, Keith Keowen reported having repaired the defect. He explained that the maintenance of rural roads department, which he headed, had no regular inspection procedure except that foremen were instructed to check the roads in the vicinity of their work sites. As to Thomas Road, *400 Fairchild stated he had informed his foreman to check it for holes and defects, at every opportunity, because it was known to be a heavily traveled thoroughfare. He acknowledged he had been receiving numerous complaints about conditions on Thomas Road because of the heavy traffic it bore, but that he had not received a complaint about this specific hole. Fairchild noted that his department relied heavily upon citizen complaints and reports concerning holes and defects in highways.
Keith Keowen, former foreman in the employ of the Parish, testified that he found the hole in question in the process of making a routine check of Thomas Road on May 23, 1972. He estimated the hole was about 18 to 24 inches in diameter and approximately 4 to 5 inches in depth. He stated he promptly fixed the hole by filling it with approximately three-fourths of a wheelbarrow of hot mix.
David Plummer, operator of a tow car service, stated he towed the Netterville vehicle from the scene. He examined the hole which he estimated to be from 4 to 5 feet in diameter and about 18 inches deep. He was familiar with the area and believed the hole had been present for about four weeks prior to the accident. He also stated that when he first observed the hole, at least three weeks preceding the accident, it was then about two and one-half feet in diameter.
On the foregoing evidence, the trial court concluded the defect was dangerous, and that it had existed sufficiently long to charge the Parish with constructive notice. In these determinations, we readily concur. See Maggio v. Parish of East Baton Rouge, La.App., 262 So.2d 72 (1972).
The Parish has failed to sustain its charge that Mrs. Netterville was guilty of contributory negligence. The record overwhelmingly establishes that because of the numerous patches in the highway, the hole in question could not be easily detected or distinguished from a patch in the road. The Parish had not posted any warning signs. As a motorist using reasonable care, Mrs. Netterville had the right to assume the highway was free of unusual hazards, and that it was safe for ordinary travel. Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127 (1956); Kinard v. City of Jennings, La.App., 184 So.2d 570 (1966).
A motorist whose attention has not been called to an obstruction or peril, has a right to presume a roadway is reasonably safe for ordinary traffic. He is not called upon to anticipate danger, nor is he required to be constantly on the lookout for unknown or latent dangers or defects in the roadway. Snodgrass v. Centanni, above.
A motorist faced with a sudden emergency posed by an unforeseen roadway hazard, is not required to exercise the calm and deliberate judgment expected of an individual who has sufficient time to consider and weigh all possibilities and means for avoiding impending danger. Such a motorist is not negligent in failing to choose a course of action, which could have avoided the danger, provided his reaction to the peril and his efforts to prevent an accident were reasonable under the circumstances. The reason for the rule is that the law does not require a driver to exercise, under such circumstances, the same degree of care and caution as is demanded of a motorist who has ample opportunity for the exercise of full judgment and reason. Commercial Standard Ins. Co. v. Johnson, 228 La. 273, 82 So.2d 8 (1955).
The record discloses that Mrs. Netterville was not negligent in failing to sooner detect the hazard. It also appears that when she did observe the danger, she reacted in a manner which could be reasonably expected. She applied her brakes and attempted to veer to the right in the hope of avoiding the hole by driving upon the shoulder. That her maneuvering failed to *401 avoid an accident is a matter of no moment.
The Parish argues that the constructive notice rule applied in cases of this nature imposes a most onerous burden on governmental agencies charged with the maintenance of public roads and streets. It is further contended that continued application of the rule will require governmental agencies to institute systematic inspection procedures which will entail considerable expense to provide the necessary equipment and additional personnel. We defend the rule by declaring it necessary to protect the traveling public in this highly motorized and mobile era. We also point out that no agency charged with road and street maintenance is required to institute a systematic inspection program, although the benefits to be derived therefrom are obvious. We add that such expense as would result from a systematic inspection program would ultimately be paid by the public whom it is designed to protect.
For the reasons herein expressed, and considering the stipulation filed of record in this court:
It is ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiff, Kenneth Neterville, and against defendant, the Parish of East Baton Rouge, in the sum of four thousand five hundred four and 18/100 ($4,504.18) dollars, with legal interest thereon from date of judicial demand, until paid, be and the same is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiff, Gladys Adams Netterville, against defendant, the Parish of East Baton Rouge, be and the same is amended to reduce the amount thereof from the sum of forty thousand and No/100 ($40,000.00) dollars to the sum of five thousand four hundred ninety-five and 82/100 ($5,495.82) dollars, with legal interest thereon from date of judicial demand, until paid; the Parish of East Baton Rouge is cast for such costs for which said defendant is legally assessable.
Amended and affirmed.