327 So.2d 526 (1976)
John Henry CAIN et al.
v.
HOUSTON GENERAL INSURANCE CO. et al.
Nos. 12806 to 12809.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.
Writs Refused April 27, 1976.
*527 Whitmeyer & Rubenstein by Claudius E. Whitmeyer, Shreveport, for John Henry Cain.
Dodd, Barker, Avant, Wall & Thomas by James D. Thomas, II, Baton Rouge, for Jennie V. Cain.
Dixon, Thomas & Fleming by Edmund M. Thomas, Shreveport, for Edwina Lynne Cain, Individually and as Provisional Tutrix of the Minor, Marcellus DeWayne Cain.
William D. Hall, Shreveport, for Mary Jean Dotie, Provisional Tutrix of the Minors, Roy Lea Dotie and Patricia Ann Dotie.
Ronald R. Thompson, Robert J. Jones, Norman L. Sisson, D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Baton Rouge, for State of La., Dept. of Highways.
Before HALL, MARVIN and SMITH, JJ.
En Banc. Rehearing Denied March 15, 1976.
MARVIN, Judge.
A one-vehicle accident resulted in fatal injuries to three guest passengers and non-fatal injuries to the driver and his wife. Four separate lawsuits, each naming the State Department of Highways among the defendants, were filed and eventually consolidated for trial below. From a judgment rejecting their demands against the State, all plaintiffs appeal. We reverse the lower court.
The accident occurred shortly after midnight on October 17, 1973, at a slight curve on Louisiana Highway 175, a two-lane blacktopped highway about four miles south of the municipality of Pelican. This road, running generally north and south, is classed as a secondary road by the State.
John Henry Cain was proceeding southerly on the highway in his 1965 Chevrolet. Roy Lee Cain, his brother, was riding in the right front seat. In the back seat of the car were Jennie V. Cain, wife of John Henry Cain, and their two children, Roderick, almost three years of age, and Johnette, almost two. Jennie V. Cain was pregnant at the time of the accident and gave birth to Tamisha Cain some seven months later. Roy Lee Cain and the two children were fatally injured in the accident.
*528 John Henry Cain (No. 12,806) and Jennie V. Cain (No. 12,807) brought separate actions for their respective injuries and for the wrongful death of the two children. Roy Lee Cain was a married man with a wife (Edwina) and child (Marcellus). Before his marriage to Edwina, and at a time when no marital impediments existed as to either, Roy Lee became enamored of one Mary Jean Dotie, and by her fathered two children, Roy Lea, age 7, and Patricia Ann, age 6, whom he consistently acknowledged as his illegitimate children.
Edwina Cain, individually and as tutrix of Marcellus, brought suit for the wrongful death of Roy Lee Cain (No. 12,808). Mary Jean Dotie, as provisional tutrix of the acknowledged illegitimate children of Roy Lee Cain, Roy Lea and Patricia Ann Dotie, brought suit for the wrongful death of Roy Lee Cain (No. 12,809). All plaintiffs sued the State Department of Highways. In the suits by Edwina Cain (No. 12,808) and by Mary Jean Dotie (No. 12,809) John Henry Cain was also made defendant on alternative allegations of negligence.
All plaintiffs are from Shreveport. John Henry Cain had never driven this highway before the accident and had no knowledge from any source as to its condition other than his experience in traversing the highway that night. On the night in question, after having worked during the day, John Henry Cain and his passengers proceeded on a nighttime drive towards Pleasant Hill at Roy Lee Cain's request. He wanted to visit someone there. The parties stopped south of Shreveport and Roy Lee Cain purchased a six-pack of 16 ounce beer. He and John Henry Cain each drank one can and were drinking a second can of beer when the accident occurred. The investigating officer observed beer cans, several empty and one full and unopened can in the wrecked vehicle and noted the spillage or smell of beer inside the car. John Henry Cain said the can from which he was occasionally sipping had been placed in a holder on the floor of the car sometime before the accident and that he was not driving while holding the beer.
John Henry Cain had traversed several miles of Highway 175 before reaching the accident site. The roadway he had covered was described as typical of most north Louisiana secondary roads. It was what is referred to as a 20 foot blacktopped road with shoulders of 3-5 feet, with an occasional pothole, some edge rutting and erosion and some shoulder erosion.
About 3.7 miles south of Pelican along the westernmost edge of the highway edge, erosion had narrowed the paved surface to about 18 feet and there was an approximate 4 inch drop-off and rut extending for a several foot distance along this edge of the highway. To compound the situation, the State had painted the center line elsewhere than the exact center of the highway. The striping error resulted in the southbound lane being only 6.5 feet wide as compared to approximately 12 feet wide northbound. The center line or striping on the part of the road already traversed by John Henry Cain up to the site of the accident was painted generally in the center of the paved highway surface.
About 150 feet northerly of the narrowed southbound lane and the site of this edge erosion and rut there is the crest of a slight hill or incline. John Henry Cain's testimony of his speed (40-45, not over 50 mph) was not contradicted, but was corroborated by an accident reconstruction expert and engineering professor from factors present after the accident. John Henry Cain and his wife testified that his lights were on the high beam. When the vehicle topped the hill and proceeded in the southbound lane the right wheel or wheels of the car dropped off the narrowed southbound lane into the rut. When John Henry Cain attempted to return his car entirely to the paved portion he lost control, veered across the highway some 213 feet and collided with a pine tree of approximately *529 one foot diameter. There was no other traffic in the area of the accident.
The district superintendent of the Highway Department testified he traveled the road on inspection trips at least weekly and that for several months he had been aware of the "low" spot as he called it, but that he did not consider it to be particularly hazardous or dangerous. Persons who lived in the area and often traversed the road testified otherwise as to whether the low spot was hazardous.
The trial court found John Henry Cain to have been negligent in driving while his ability to do so was impaired by the consumption of alcohol and for his failure to maintain control. The trial court held that Jennie V. Cain and Roy Lee Cain, the adult guest passengers, were barred from recovering as against John Henry Cain because of their assumption of risk and contributory negligence in riding with John Henry Cain with knowledge of his driving ability being impaired. The lower court found no negligence on the part of the State with respect to maintenance of the highway or creation of a hazardous condition. We disagree with the conclusions of the trial court to be drawn from the facts as found below.

NEGLIGENCE OF THE STATE
According to the accident reconstruction expert, the headlights of an approaching car at 40-50 mph at the crest of the incline some 150 feet north of the eroded highway, rut and drop-off, would not have disclosed the hazard until it was too late for the driver to see and to react to the hazard. Likewise, the painted center line would be leading the driver towards the drop-off. The State argues that if the car headlights would not have revealed the eroded edge, rut and drop-off, they also would not have revealed the off-center striping which would lead a driver towards the drop-off. This is specious because the center line on this highway only is painted (not edge lines as on other highways) and the paint has reflective qualities which are not present on ordinary blacktop surfaces.
In Laborde v. Louisiana Dept. of Highways, 300 So.2d 579 (La.App.3d Cir. 1974), writ refused, 303 So.2d 182 (La.1974), Mrs. Laborde was driving in daylight hours pulling a trailer at 25-30 mph when she rounded a curve and observed a hole or depression on the edge of the blacktop. She was unable to avoid the drop-off, which resulted in her losing control and wrecking the car and trailer. The Third Circuit reversed the trial court's finding that the Department of Highways was negligent by failing its obligation to properly maintain the highway.
In Mann v. State Farm, 323 So.2d 509 (La.App.3d Cir. 1975), there was a rut 2" to 6" deep on the highway edge below the paved surface at a curve. As here, the evidence there was not clear as to the length of the rut. Its width was about that of an automobile tire. The automobile entered the curve, ran off the paved surface onto the shoulder, and the driver lost control when he attempted to pull back onto the paved surface.
Principles expressed in those cases, in Pickens v. Police Jury, 323 So.2d 430 (La.1975) and in Petree v. Crowe, 272 So.2d 399 (La.App.3d Cir. 1973), writ denied, 274 So.2d 709 (La.1973) are appropriate here. Factually, however, they are distinguishable. In Laborde the accident occurred during daylight hours and there was more than ample room in the plaintiff's lane of traffic for her to avoid striking the drop-off. In Mann it is clear that the automobile left the paved surface before it reached the drop-off.
In Pickens, the Supreme Court said:
". . . [The state], however, is not an insurer of travelers upon its highways, roads and streets. The duty owed is to exercise reasonable care to keep these public ways in such condition that travelers who are prudent and ordinarily careful will not be exposed to injury, *530 day or night. Louisiana's jurisprudence on the subject is built upon the theory that fault is a prerequisite to responsibility in these cases. [Citations omitted].
"Although [the state] is not an insurer of the safety of travelers on its highways, roads and streets and it must keep these ways reasonably safe, they need not be maintained in perfect condition to render the [state] free from liability in damages. Defects which are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Liability will only be imposed when the defect is dangerous or calculated to cause injury. [Citations omitted].
"There is no fixed rule for determining what is a dangerous defect in a public way; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence?" [Citations omitted]. 323 So.2d 432-433. (Material in brackets supplied).
Paraphrasing Pickens, the principle may also be stated: Highway defects which are in the nature of traps or from which danger can reasonably be anticipated, and which are known or should be known to the agency charged with maintenance, do constitute actionable negligence. See also Petree, supra, at page 405.
"The Department of Highways has a duty of maintaining the highways in a safe condition. This includes the duty of providing proper safeguards or adequate warnings of dangerous conditions in the highway. What constitutes proper safeguards and adequate warnings to motorists varies with the dangers presented and should be of such a nature that it is commensurate with the danger. The negligence of the Department of Highways may be predicated on its knowledge or information of the existence of a dangerous or defective condition of the highway and subsequent failure to safeguard such condition." 272 So.2d 399, 405. (Citations omitted).
In this instance, the Department of Highways created the off-center striping which narrowed the southbound lane from a 9-10 foot width to a 6.5 foot width, where the drop-off existed in a slight curve, and at a place only 150 feet south of the crest of a small hill. Especially to a nighttime driver who had never been on the road before and who was driving within the posted speed limit, these total circumstances constitute actionable negligence on the part of the Department.
The question of Pickens as to whether the highway was maintained in a reasonably safe condition for persons exercising ordinary care and prudence, under these circumstances, is answered negatively and against the State.

THE DRIVER'S CONTRIBUTORY NEGLIGENCE?
When John Henry Cain topped the hill and entered the slight curve at a speed of about 45 mph he was proceeding in a reasonable and prudent manner, keeping his automobile in the proper (southbound) lane. We have no evidence that he was not keeping a proper lookout.
In Paxton v. Ballard, 289 So.2d 85 (La.1974) factual allegations of "sole negligence," as here, were held sufficient compliance with La.C.C.P. Art. 1005 to plead the affirmative defense of contributory negligence. The court there held, and we hold here, that the factual allegations of the pleadings gave "fair notice" to the plaintiff that plaintiff's negligence would be at issue. See also Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App.2d Cir. 1975). Notwithstanding our holding that plaintiff's driving was properly at issue, we find the trial court *531 was in error in holding plaintiff contributorily negligent under the circumstances.
There is evidence, even the admission by John Henry Cain, that he had consumed one 16-ounce can of beer and that he was drinking a second can when the accident occurred some two hours after the beer was purchased. The second and open can of beer was in a plastic holder on the floor of the car when the accident occurred. We have no evidence that John Henry Cain's driving ability was impaired by the beer. There were no tests requested of, or given to, John Henry Cain to determine the percentage of alcohol in his blood. There was no testimony that John Henry Cain displayed any symptoms of being under the effect of alcohol to any extent. The trial court was in error in inferring otherwise. Likewise, and in the absence of John Henry Cain's ability to drive being impaired by alcohol, the adult passengers were exposed to no risk which they should have known and they assumed no risk in this respect.

QUANTUM
John Henry Cain's right femur was broken in the accident. He was hospitalized for 14 days and the fracture was reduced by the insertion of a pin into the femur. Except for a one week attemptaborted because of his inability to stand on the leg for any prolonged period of timeJohn Henry Cain did not work for approximately 21 weeks. We have no medical testimony, however, that the fracture resulted in any permanent disability. In addition to damages for the injury, temporary disability and the pain and suffering, John Henry Cain is entitled to recover for the respective medical or funeral expenses of himself, his wife and his children, as well as for the wrongful death of the two children.
There was no award below for John Henry Cain or his wife and it is our responsibility to assess damages. It is our determination that a just and fair award under the circumstances would be $15,000.00 per parent per child.
The medical and related expenses of John Henry Cain totaled $1,172.00. His wife's medical bills totaled $89.50, including a $34.50 doctor bill. The expenses relating to the funeral of the children were $454.00, or $227.00 for each child. John Henry Cain's employment produced him $99.00 per week gross, plus some amount from time to time in overtime. We award damages to John Henry Cain as follows:
Accordingly, we grant judgment to plaintiff as follows:

TOTAL MEDICAL AND FUNERAL ___________________ $ 1,715.50
LOSS OF WAGES _______________________________ 2,100.00
HIS PERSONAL INJURIES, PAIN AND SUFFERING ___ 5,000.00
WRONGFUL DEATH, TWO CHILDREN ________________ 30,000.00
 __________
TOTAL ____________________________ $38,815.50

NO. 12,806:
It is ordered, adjudged and decreed that there be judgment in favor of John Henry Cain and against defendant, Dept. of Highways, State of Louisiana, for $38,815.50 with legal interest from judicial demand and all costs, including appellate cost.
Reversed and rendered.
NO. 12,807:
Jennie V. Cain was pregnant at the time of the accident and some seven months later gave uneventful birth to a daughter. She sustained lacerations to her head and foot, requiring sutures, medication and emergency room treatment. She was not hospitalized and suffered no permanent *532 disability. For her injuries, shock, pain and suffering, and anxiety regarding her pregnant condition, in addition to the amount awarded for wrongful death in No. 12,806, we award $1,500.00.
Accordingly, and for reasons assigned, in No. 12,807
It is ordered, adjudged and decreed that there be judgment in favor of Jennie V. Cain and against defendant Dept. of Highways, State of Louisiana, for $31,500.00 with legal interest from judicial demand and all costs, including appellate cost.
Reversed and rendered.
NO. 12,808:
Edwina Lynne Cain brought suit as provisional tutrix of the minor, Marcellus DeWayne Cain. The trial court awarded damages below, stating:
"Roy Lee Cain . . . left a widow. . . and a legitimate child, Marcellus DeWayne Cain . . . Apparently Roy Lee Cain was close to this child. The court accepts the suggested figure of $30,000.00 as a reasonable, but adequate award for the child . . . for loss of support, loss of education and moral training, and loss of love and affection, . . ."
The amount awarded was within the trial court's discretion.
As to Edwina Cain, individually, the trial court awarded damages for the death of her husband, Roy Lee Cain, from whom she was living separate and apart, stating:
"Edwina Lynne Cain and Roy Lee Cain had been separated for months prior to his death . . . [they] were in fact still married, and maintained a harmonious relationship, and Edwina had a certain feeling for Roy Lee. The court feels that an award of $10,000.00 for loss of affection would be adequate for Edwina Lynne Cain . . ."
While we find this award to be somewhat low, we find it within the broad discretion of the trial judge.
Additionally, the trial judge denied Edwina's recovery of Roy's burial expenses. We note that a bill was submitted and stipulated by the parties to be $892.00. The trial judge erred in denying Edwina Lynne Cain this amount.
Accordingly, and for reasons assigned, in No. 12,808
It is ordered, adjudged and decreed that there be judgment in favor of Edwina Lynne Cain, as provisional tutrix of the minor, Marcellus DeWayne Cain and against the defendant, Dept. of Highways, State of Louisiana, for $30,000.00 with legal interest from judicial demand and all costs, including appellate cost.
It is ordered, adjudged and decreed that there be judgment in favor of Edwina Lynne Cain and against defendant, Dept. of Highways, State of Louisiana, for $10,892.00 with legal interest from judicial demand and all costs, including appellate cost.
It is further ordered, adjudged and decreed that plaintiff's demands against John Henry Cain are rejected.
Reversed and rendered.
NO. 12,809:
Mary Jean Dotie as provisional tutrix of the acknowledged illegitimates, Roy Lea Dotie and Patricia Ann Dotie, instituted an action for the wrongful death of the children's father, Roy Lee Cain. The trial court awarded damages, stating:
"The evidence is conclusive that Roy Lee Cain not only acknowledged these children as his, but that he visited them regularly and took them with him on occasion. These children knew Roy Lee Cain as their father, and loved him, and he loved his children . . .

*533 "Thus the court feels that an award of $10,000.00 to each of these children for loss of love and affection would be appropriate and adequate, . . ."
Accordingly, and for reasons assigned, in No. 12,809
It is ordered, adjudged and decreed that there be judgment in favor of Mary Jean Dotie, as provisional tutrix of Roy Lea Dotie for $10,000.00 and as provisional tutrix of Patricia Ann Dotie for $10,000.00, and against the defendants, Dept. of Highways, State of Louisiana, with legal interest from judicial demand and all costs, including appellate cost.
It is further ordered, adjudged and decreed that plaintiff's demands against John Henry Cain are rejected.
Reversed and rendered.