MARVIN, Judge.
Plaintiffs in consolidated actions arising out of a motor vehicle accident were awarded damages against the driver and automobile public liability insurer of the other vehicle involved. The original defendants asserted third party demands for contribution against the Ouachita Parish Police Jury and its liability insurer. These third party demands were dismissed by the lower court *100 and it is from the dismissal that original defendants appeal. We affirm.
The highway on which the accident occurred is a rural blacktop road, adjacent to which the police jury maintains a five-acre garbage dump. Original plaintiffs were the driver (Franklin) and the owner (Ramsey) of a pickup which was struck from behind by a milk truck driven by Sikes, one of original defendants.
A dense screen of smoke from one or more fires at the dump extended across the highway on the morning of the accident (7:30 a. m.). Franklin stopped the pickup on the highway behind another vehicle which had also stopped before entering the dense smoke screen. Within a few seconds, the wind shifted and the stopped vehicles became engulfed in, and obliterated from sight by, the dense smoke. Franklin turned on his truck lights and began to blow his horn when he heard, but could not see a vehicle approaching from his rear. His efforts proved fruitless and his pickup was struck from behind by the oncoming milk truck. Sikes’ negligence in proceeding blindly into the smoke screen at a relatively high speed is not at issue here. The sole issue here is the concurring negligence vel non, of the police jury with respect to its operation of the garbage pit.
Parish employees were not allowed to burn trash at the dump. Signs prohibiting the burning of trash were placed, and when torn down, were replaced, at the dump. One or more bulldozers were used by the parish to bury trash deposited in the dump in open pits dug for that purpose. The dump had been in use for some time and had reached maximum capacity. Because of this, no one was on duty at the dump on the morning of the accident. Trash disposal facilities were maintained at other locations by the parish.
Notwithstanding the prohibition against burning, scavengers at the dump sometimes started fires in their search for metal to sell as junk. Parish employees inspected the dump daily and immediately extinguished fires when they were discovered or reported. While smoke from fires existed from time to time, it was not of sufficient density or volume to interfere with traffic on the adjacent highway until the time of the accident out of which this litigation arose. All witnesses, including the driver-litigants, who frequently traversed the area, testified to this effect.
It is not negligence for a public body to maintain a garbage dump or to burn trash near a public highway. Badeaux v. Patterson Truck Line, Inc., 247 So.2d 875 (La.App. 3d Cir. 1971) and Bonilla v. Arrow Food Distributors, Inc., 202 So.2d 438 (La.App. 4th Cir. 1967). The predicate of liability is (1) the existence of a dangerous condition; (2) actual or constructive notice of the dangerous condition on the part of the public body whose duty it is to correct it; and (3) the public body’s failure to timely correct the dangerous condition. Cain v. Houston General Insurance Co., 327 So.2d 526 (La.App. 2d Cir. 1976); Mixon v. Allstate Insurance Company, 300 So.2d 232 (La.App. 2d Cir. 1974); Netterville v. Parish of East Baton Rouge, 314 So.2d 397 (La.App. 1st Cir. 1975); and Desselle v. State, Dept. of Public Highways, 328 So.2d 389 (La.App. 3d Cir. 1976).
The record supports the lower court’s findings that the police jury did not have actual or constructive notice of the existence of any dangerous condition (traffic hazard created by smoke) before the accident, and that the police jury was not negligent in failing to pose warning signs along the highway.
At the respective cost of each appellant, judgment in each consolidated case dismissing the third party demands of each appellant is
AFFIRMED.