LOTTINGER, Judge.
This is an action ex delicto filed by Herby Brasseaux against the State of Louisiana, through the Department of Highways (Department) for property damages suffered when plaintiff’s boat trailer struck a hole in a highway. From a judgment in favor of plaintiff, defendant has appealed.
The Trial Judge in his written reasons for judgment found:
“On July 6, 1973, at approximately 12:45 p. m. Herby Brasseaux, the plaintiff, was driving his 1968 Ford truck on North Bayou Drive (La. Highway No. 1) in the town of Golden Meadow, Parish of La-fourche, State of Louisiana, in the vicinity of St. Pierre’s Gulf Service Station while towing an 18 foot trailer with his 24 foot boat thereon when he struck a hole which was partially on the roadway and partially on the shoulder which caused the axle to be separated from the trailer thereby causing an accident which resulted in the total loss of the boat and trailer which were valued at $3,500.”
In appealing, the Department contends that the Trial Judge erred (1) in failing to distinguish between the purpose of .the responsibility for the shoulder as contrasted to the purpose of the responsibility for the roadway in concluding that the state had responsibility over the roadway and shoulder of the road at the site of this incident, (2) in its findings as to the dimensions and situation of the so called “hole”, (3) in its findings that dimensions and magnitude of the so called “hole” made it inherently dangerous, (4) in its finding that actual knowledge of the existence of the defect in the roadway was communicated to the Department several days prior to the incident, (5) in its findings that the Department had constructive knowledge of the existence of the condition, and (6) in failing to find that the plaintiff was contributorily negligent.
ERROR NO. 1
The Department does not argue that it does not have responsibility for the main *473 tenance of both the roadway and the shoulder. It argues, however, that the purpose of its responsibility as to the shoulders is to protect the lives and property of motorist entering or leaving the roadway by way of the shoulder in a normal manner, whereas, the responsibility for the roadway is to protect the lives and property of motorist traveling on the roadway itself. The basis of the Department’s argument and the importance of the distinction between the responsibilities for the roadway and the shoulder is that the Department basically argues that the so called “hole” was more on the shoulder than it was on the roadway, and thus the Trial Judge was distracted in the direction of his attention to the location of the hole. A thorough analysis of the Trial Judge’s written reasons for judgment clearly shows that he was not confused as to this responsibility, that his attention was not distracted as to the location of the hole, and that he made no error.
ERRORS NOS. 2 AND 3
The appellant contends that the Trial Judge was in error in finding that the depression or “hole” was only 6 to 8 inches wide. In his written reasons for judgment the Trial Judge found “that the hole which the plaintiff’s trailer struck was present before the accident, ran generally parallel to the highway and partially in the highway and was approximately 6 feet in length, 6 to 8 inches in width and Pk inches in depth at its deepest part.” The Department contends that it was manifest error not to find that the hole was “ ‘more in the nature of a depression’ with smooth sides, gradually running down to 7V2 inches deep over about 3 feet length-wise and being at least 12 inches wide.”
The Trial Judge after reviewing the cases of Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3rd Cir. 1974), writs refused, 303 So.2d 182 (1974); Mistich v. Matthaei, 277 So.2d 239 (La.App. 4th Cir. 1973) concluded that the dimensions and the magnitude of the hole or depression in this case made it inherently dangerous, especially in view of the fact that impact with this hole by a trailer going 25 miles per hour caused the axle to separate from the trailer. We find no error.
ERROR NO. 4
The then Chief of Police for the town of Golden Meadow testified that he called the Department in Houma. Though he could not remember exactly how long prior to this incident his telephone call was made, nor could he recall to whom he spoke, he was certain that it was prior to the accident, and that he did speak to someone with the Department. The only dispute as to this testimony is that neither Mr. Noah Gaudet the then superintendent for the Highway Department in Lafourche Parish, nor Mr. Antoine Orgeron, a highway crewman at the time of the incident, received any report from the Houma office of such a telephone call. The Trial Judge concluded “that there was actual knowledge of the existence of the defect in the roadway communicated to the Department of Highways several days prior to the incident”, and we find no error in his conclusion. Maggio v. Parish of East Baton Rouge, 262 So.2d 72 (La.App. 1st Cir. 1972).
ERROR NO. 5
The Trial Judge also concluded that the Department had constructive knowledge of the existence of the condition, but considering that we find no error on the part of the Trial Judge in finding actual knowledge, there is no need for us to discuss this specification of error.
ERROR NO. 6
The Department argues in support of specification of error number 6 that the boat trailer was not sufficiently constructed for the size boat which it was intended to transport, and that if the depression in the roadway was so dangerous as to cause this accident, that plaintiff was negligent in failing to see what he should have seen.
As to the second argument, the Trial Judge found that the plaintiff was traveling only 25 miles per hour, and following *474 another vehicle, and thus there was no negligence on the part of the plaintiff. We agree.
The boat trailer in question is what is termed as a “home made” trailer, approximately 2 years old. Contributory negligence is an affirmative defense, and he who pleads contributory negligence as a defense has the burden of proving same. There was no proof put on by the Department to show that this trailer was not sufficiently constructed, nor that the trailer was of such insufficient size vis-a-vis the boat as to constitute contributory negligence. Therefore, we find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed; all costs of this appeal as are permitted by law are to be paid by defendant-appellant.
AFFIRMED.