MARVIN, Judge.
Plaintiffs, husband and wife, appeal from a judgment denying their demands against the State for bodily injury to the wife and for damage to the community automobile arising out of an accident which occurred on an allegedly defective blacktop, rural, State highway. Mrs. Coleman lost control of the car, which crashed off the highway, after she drove across two or more holes in the road. We affirm the judgment.
Highway 126 is a 20-foot-wide, two-lane highway with shoulders of approximately two feet, in Winn Parish. It is not heavily traveled. The posted speed limit is 55 mph. The accident occurred on a straight, level stretch of the highway during daylight hours on a clear, dry day. No other traffic was involved. Proceeding easterly toward Jonesboro, Mrs. Coleman was traveling within the speed limit when she drove across one hole in the road. This caused her car to “fishtail”. She then apparently applied her brakes and skidded in both lanes of the highway. She drove through a second hole and the car left the embanked highway and crashed into a ditch. The first hole struck by Mrs. Coleman was 65 feet east of a bridge over the Dugdemona River, *485 which Mrs. Coleman had traversed. The accident occurred within 13 mile of plaintiff’s home. She traveled the highway occasionally but not regularly and routinely.
The hole or holes complained of did not have perpendicular sides, but were gradually sloped. The blacktop surface in the hole was eroded and broken. The largest hole was almost centered in the highway and was about nine feet long, six feet wide, and its greatest depth was six inches.
The trial court found the State not to have been negligent in maintaining and inspecting the highway, apparently accepting the testimony of State employees over other witnesses about the length of time the holes had existed. This testimony, corroborated by work records and diaries, reflects that maintenance and inspection employees purposely traversed the road on several occasions within six weeks before the June 2, 1975, accident. On April 28, May 7 and May 15, “hot mix” was placed into the holes in the highway in the area of the Dugdemo-na River bridge. The engineer and maintenance superintendent testified that he and his men made inspection trips at least every 10 days and usually every seven days. The superintendent made a personal inspection on May 27, just six days before the accident and found no extraordinary hazards. He also testified that holes in the highway often occur because of the failure of the base of the roadway (the asphalt surface sinks, erodes, and cracks). He distinguishes holes of this type from a true pothole with perpendicular sides, which is much more hazardous. A State Trooper who regularly traverses the area generally corroborated the testimony of the other State employees.
We find that the holes were ordinary hazards which are to be expected on rural, blacktop, non-primary State highways and that the maintenance and inspection program of the State was reasonable under the circumstances. The trial court’s conclusion that the State did not have actual or constructive notice of the holes is supported by the evidence and is not clearly wrong.
We discussed the applicable legal principles in Cain v. Houston General Insurance Co., 327 So.2d 526 (La.App. 2d Cir. 1976), writs refused.
The State is not an insurer of the safety of travelers upon its highways, and is not required to maintain its highways in perfect condition. The State’s liability, if any, is based on legal fault (CC Art. 2315) and the issue is whether or not the highway was maintained in a reasonably safe condition for motorists using ordinary care and prudence.
Highway defects which are in the nature of traps or from which danger can be reasonably anticipated, and which are known or should be known to the agency charged with maintenance of the highway, do constitute actionable negligence.
There is no fixed rule for making a determination of what constitutes actionable negligence for an unreasonably dangerous defect in a highway. The circumstances of each case control the determination. See Cain, supra, pp. 529-530, and cases cited and discussed therein.
Judgment is AFFIRMED at appellants’ cost.